Mrs. Dominga QUEVEDO, and on Behalf of all Others Similarly Situated, et al., Plaintiffs-Appellants,

v.

Mr. William W. COLLINS et al., Individually and in Their Official Capacities, Defendants-Appellees,

Mrs. Teresa Duran, and Mrs. Lillian Curlin, and on Behalf of all Others Similarly Situated, Interveners-Appellants.

No. 27505
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Aug. 21, 1969.

Joseph W. Barbisch, Jr., Ed J. Polk, David J. Candish, Dallas, Tex., for appellants.

R. G. Scurry, Scurry, Scurry, Hodges and Johnson, Dallas, Tex., Eldon B. Mahon, U. S Atty., H. D. Johnson III, Dallas, Tex., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This suit, filed as a class action, was dismissed as being moot because the plaintiff, subsequent to suit, voluntarily moved from the Housing Authority. Eviction without due process was the basis of the suit. See Thorpe v. Housing Authority of City of Durham, 1969, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474. Two additional tenants, one who had been evicted and one threatened with eviction, sought to intervene. Their petition was also dismissed.

■■ We are without sufficient findings as to the class involved or as to the issue sought to be asserted on behalf of the class. Therefore we are not in position to determine whether this suit was appropriately brought as a class action under Rule 23, Federal Rules of Civil Procedure. Such a determination is crucial because the action of the plaintiff Quevedo in moving would not necessarily moot the class action portion of the suit. Lewis v. Housing Authority of City of Talladega, Ala., 5 Cir., 1968, 397 F.2d 178. See also Potts v. Flax, 5 Cir., 1963, 313 F.2d 284, and cf. Jenkins v. United Gas Corporation, 5 Cir., 1968, 400 F.2d 28.

The judgment is vacated and the case remanded for further factual determinations by the district court as to the class involved and the issue sought to be presented.

Vacated and remanded with direction.