**Lillie Belle HOLLOWAY, and Gloria Hodge, Plaintiffs-Appellants,**

v.

**The DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and Haley Sofge, Defendants-Appellees.**

**No. 27182.**

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1969.

Alfred Feinberg, Elizabeth J. du-Fresne, Howard W. Dixon, Legal Services Program, Inc., Miami, Fla., for plaintiffs-appellants.

Joan Elizabeth Odell, Asst. County Atty., Thomas C. Britton, County Atty., Wallace N. Maer, Miami, Fla., for defendants-appellees.

Before RIVES, BELL, and DYER, Circuit Judges.

PER CURIAM.

This case was dismissed for want of subject matter jurisdiction. The complaint claims deprivation of due process of law in the administration of tenant regulations in public housing. The court viewed the matter as a breach of contract suit. We view it as involving the procedures used in the treatment of tenants in public housing and reverse.

Subject matter jurisdiction in such a proceeding depends upon the issue or issues sought to be asserted and the facts alleged. The complaint, under notice pleading, alleges a cause of action under 42 U.S.C.A. § 1983. Jurisdiction, in that event, is premised on 28 U.S.C.A. § 1343(3). Thus, a hearing is indicated on the allegations of the complaint. This court can then consider the propriety of a class action, and if proper, the class involved. The issues asserted can be considered in light of the actual facts developed. Cf. Quevedo v. Collins; 5 Cir., 1969, 414 F.2d 796; Lewis v. Housing Authority of City of Talladega, Ala., 5 Cir., 1968, 397 F.2d 178; and Randell v. Newark Housing Authority, 3 Cir., 1967, 384 F.2d 151.

No question is presented here as to the type or scope of relief that may be forthcoming in the event a cause of action is found to exist. These are matters for the district court and this is also true as to supervening regulations which may now be applicable. Cf. Thorpe v. Housing Authority of City of Durham, 1969, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474.

Reversed and remanded for further proceedings not inconsistent herewith.