**Carrie Dell COPELAND and Betty Bennett, individually and on behalf of all others similarly situated**

**v.**

**T. M. PARHAM, Director of the State Department of Family and Children Services in his Official capacity and personally.**

**Civ. A. No. 14871.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 20, 1971.

Jay E. Loeb and Michael H. Terry, David A. Webster, Atlanta, Ga., for Calvery Hardaway, applicant-intervenor.

Arthur K. Bolton, Atty. Gen., John W. Hinchey, Asst. Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

O'KELLEY, District Judge.

This action was heard by the Court sitting without a jury. Having considered the evidence as presented by both parties, the Court makes the following findings of fact:

(1) The plaintiffs Copeland and Bennett are recipients of "Aid to Families with Dependent Children" (AFDC) welfare benefits which are funded jointly by the Federal and State governments.

(2) Plaintiffs did not receive their monthly AFDC check of $71.00 on the first day of February, 1971. Such checks are regularly sent by mail so as to arrive the first of every month.

(3) The plaintiffs notified their caseworkers immediately, and, after signing the required affidavits, had not received replacement checks as of the date of the filing of this suit.

(4) The plaintiffs Bennett and Copeland filed suit individually and on behalf of all other public assistance recipients similarly situated. Suit was filed against T. M. Parham, the Director of the State Department of Family and Children Services.

(5) The plaintiffs Bennett and Copeland received replacement checks after they filed their Complaint.

(6) On or about May 10, 1971, Calvary Hardaway claimed that she had not received her April 1971 check in the mail as usual. At that time, she sought to intervene as a plaintiff in this case.

(7) As of April 1, 1971 the Department of Family and Children Services implemented a new check replacement procedure which has reduced the time between notification of a missing check and its replacement. According to this new program, the time necessary for issuance of a replacement check varies according to the circumstances of the case. If the original check has not been cashed at the time the county department notifies the State Department of Family and Children Services of the non-receipt of the check, a duplicate check is issued and mailed within a day or two. If the check has been cashed at the time the State Department is notified, a duplicate is mailed within approximately two weeks. The delay in the re-issuance of the check is due to the time needed for the signing by the recipient of an affidavit saying he did not endorse or cash the check, and the time needed for the bank to return the amount of the check to the State's bank account.

Pursuant to 42 U.S.C.A. § 1983, this action was brought for the purpose of obtaining injunctive relief to redress an alleged deprivation of rights and privileges secured by the Social Security Act, 42 U.S.C.A. § 601 et seq., administrative provisions made pursuant thereto, and by the Due Process Clause of the Fourteenth Amendment. The plaintiffs herein also seek a declaratory judgment authorized by 28 U.S.C.A. § 2201 in order to gain a declaration of rights estab-

lished by these same statutory, administrative and constitutional provisions. Jurisdiction is granted this Court by 28 U.S.C.A. §§ 1343(3) and 1343(4) and by 28 U.S.C.A. §§ 2201 and 2202. See Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1969).

■ Although the plaintiffs Bennett and Copeland received their replacement checks after the commencement of this action, their cause of action is not rendered moot as to them individually or as to the class they represent. See Jenkins v. United Gas Corporation, 400 F.2d 28 (5 Cir. 1968). The alleged wrongs of which these plaintiffs complain involve the continuing question of replacement of welfare checks. Therefore, the fact that these two plaintiffs have been repaid does not solve the entire problem related to misdirected or stolen welfare payments.

■ This Court is of the opinion that a recipient who does not receive his welfare check on time is not automatically entitled to a hearing on the matter. The case of Adens v. Sailer, 312 F.Supp. 923 (E.D.Penn.1970) cited by the plaintiffs deals with emergency welfare check payments to those who are destitute while the instant case deals with the regular payment of A.F.D.C. welfare allowances. While the Supreme Court has held that a welfare recipient is entitled to a hearing before his payments are terminated, [Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1969)], there seems to be no automatic right to notice and a hearing, if there is a reduction in A.F.D.C. benefits. Daniel v. Goliday, 398 U.S. 73, 90 S.Ct. 1722, 26 L.Ed.2d 57 (1970), and Merriweather v. Burson, 439 F.2d 1092 (5 Cir. 1971). The instant case, however, is not a situation involving termination or reduction of payments. The problem is one only of delay due to loss or theft of the check. This delay is not caused through any fault of the State as the State appears to have placed these checks in the mail at the proper time. Since this delay is not caused by the State and since it does not constitute a termination or even a reduction of benefits, there should be no right to a hearing on it.

■ This Court also finds that the period of time necessary for a replacement check to be issued, i. e., a matter of a few days if the check has not been cashed and an average of two weeks if the check has been cashed, is a reasonable period of time. It is reasonable to allow several days for a possible delay in the mail system. After this initial period has passed, a duplicate check is issued immediately if the check has not been cashed. If it has been cashed, time must be allowed the State to obtain a signed affidavit from the intended recipient showing that the check was not endorsed or cashed by the intended recipient. Time must also be allowed for the bank to replace the funds in the State's bank account as the State may not have sufficient surplus funds out of which to issue replacement checks. According to Mr. Parham, the shortest possible time for issuing duplicates would be approximately seven days from the receipt of notice of non-receipt, and the longest time required approximately twenty-two (22) days. This means that the average time required is approximately two weeks. The Court is of the opinion that this is not an unreasonable length of time due to the valid administrative process which must take place. The Court also takes note of the fact that the average period of time necessary for the re-issuance of a check to a beneficiary of Social Security is two and one-half to three months. Thus, the AFDC replacement system is well within the Social Security time period. For these reasons, the plaintiffs' motion for an injunction is denied, since there is no denial of due process.