Fred MOSS, Jr., Appellant,

v.

The LANE COMPANY, INCORPORATED, Appellee.

No. 72–1628.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1972.

Decided Jan. 11, 1973.

Barry L. Goldstein, NAACP Legal Defense & Educational Fund, Inc., New York City, and Henry L. Marsh, III, Richmond, Va. (James W. Benton, Jr., Hill, Tucker & Marsh, Richmond, Va., George W. Harris, Jr., Roanoke, Va., Jack Greenberg, William L. Robinson, New York City, and John K. Harkavy, New York City, on brief), for appellant Brown.

Hill Boswell, Charlotte, N. C. (J. W. Alexander, Jr., Charlotte, N. C., W. Barney Arthur, Alta Vista, Va., S. Bowling Hobbs, Lynchburg, Va., and Blakeney,

Alexander & Machen, Charlotte, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The plaintiff sought both individual and class relief in this action filed under Title VII of the Civil Rights Act of 1964. A preliminary motion to dismiss the class action was made by the defendant and denied by the district court. The defendant, also, sought a jury trial but this motion, too, was denied. Thereafter, the cause came on for trial. The trial judge[1] impaneled an advisory jury and submitted the issues to it. The advisory jury found against the plaintiff on all issues submitted.[2] The trial court then made its own findings to the effect that the plaintiff (1) was discharged for cause, (2) was not discriminated against because of his race, and (3) was not entitled for such reasons to maintain the class action. It proceeded to dismiss the action, with a denial of attorneys' fees. The plaintiff appeals. We affirm dismissal as to the plaintiff's individual claim but remand the class action.

■■ Plaintiff first directs his attack at the impaneling of an advisory jury by the trial court. In the preliminary stages of the case, as has already been noted, the district court had denied a motion on the part of the defendant for a jury trial. In denying such motion and in holding that the cause "is (was) not a proper one for jury trial", it had stated that "under the governing statutes the intent was for the courts to try these (discriminatory) cases".[3] Despite this prior ruling, the trial court found discretion to impanel an advisory jury in the broad language of Rule

---

1. The earlier motions were heard by one judge and the trial was before another.

2. Issues related to the class action were, also, submitted but, under the instructions given, the jury was not to respond to such issues if it found against the plaintiff's individual claims. Since the jury found against the plaintiff, it did not answer the questions submitted in connection with the class action. Neither did the Trial Court in its later findings refer to such class issues.

3. 50 F.R.D. at p. 128.

39(c), Federal Rules of Civil Procedure, which authorizes such procedure in any cause "not triable of right by a jury". The plaintiff urges that such action in effect represented a reversal of the earlier order denying a jury trial which represented the law of the case. Whether there was any such reversal we need not decide since we find no prejudice to the plaintiff in the procedure followed by the trial court. We feel it appropriate to observe, however, that, as we stated in Cox v. Babcock and Wilcox Company, 4 Cir., 471 F.2d 13, the use of advisory juries in discrimination cases is not favored, however broad the language of Rule 39(c) may be deemed, and should be restricted in any event to the exceptional case where there are peculiar and unique circumstances supporting its use. So far as the plaintiff's individual claim is concerned, however, plaintiff has suffered, as we said, no prejudice by the action of the trial court in this instance. After the advisory jury returned its verdict, the trial court made its independent findings dismissing the plaintiff's individual claims. It is true these findings accorded with the findings made by the advisory jury. But they were, also, in accordance with the overwhelming weight of the evidence, and had the trial court sustained the plaintiff's claim on this record, we would have been compelled to reverse on the ground that such a conclusion would have been against the overwhelming weight of the testimony and clearly erroneous. Thus, even if it be assumed that, in the face of the earlier order, the trial court should not have impaneled an advisory jury, it would not warrant a reversal of the dismissal by the trial court of the plaintiff's individual claim, supported as that dismissal is by the overwhelming weight of the evidence.

■■ The trial court erred, however, in dismissing the class action. The dismissal was not based on any specific findings of fact relating to the class action. Neither in the verdict of the advisory jury nor in the later findings made by the trial judge were the issues posed by the class action resolved or dealt with. On the contrary, it was assumed both in the jury verdict and in the trial court's separate findings that the dismissal of the individual action took with it the class action. While supported by a number of decisions, most of which are enumerated in our opinion in *Cox, supra*, this assumption is untenable. If the plaintiff were a member of the class at the commencement of the action and his competency as a representative of the class then determined or assumed, the subsequent dismissal or mootness of his individual claim, particularly in a discrimination case, will not operate as a dismissal or render moot the action of the class, or destroy the plaintiff's right to litigate the issues on behalf of the class. This was specifically held so far as this Circuit is concerned in Brown v. Gaston County Dyeing Machine Company (4th Cir. 1972) 457 F.2d 1377, 1380.[4] In its initial opinion on the motion to dismiss, the district court in this case found that the plaintiff had met "the four prerequisites for bringing a class action under Rule 23(a)" and specifically held that he had "demonstrated his *vigor in representing the interests* of the other members of the class, and as (had) demonstrated by the pleadings and other memoranda, he is well represented by counsel." That decision which the plaintiff contends represents the law of the case the trial court disregarded

---

4. In this case, it was held that the district court had properly considered the class claim, even though the individual claim had been dismissed, stating: "While Brown has not proved his own Title VII claim, the class of employees he represents is not for this reason deprived of a remedy."

To the same effect: Hutchings v. United States Industries, Inc. (5th Cir. 1970) 428 F.2d 303, 311; Parham v. Southwestern Bell Telephone Co. (8th Cir. 1968) 400 F.2d 28, 31; Rackley v. Board of Trustees of Orangeburg Reg. Hosp. (D.C.S.C.1965) 238 F.Supp. 512, 515; Gatling v. Butler (D.C.Conn.1971) 52 F.R.D. 389, 395.

simply because it concluded that the mere fact that on the trial of the merits the plaintiff had not sustained his claim denied him the right to represent the class, a conclusion wholly at variance with our decision in *Brown*. Accordingly, it is necessary to remand the class action for specific findings of fact by the district court. Of course, on remand either party will be at liberty to supplement the record with additional facts. Because the plaintiff assigned error in the refusal of the trial court to admit in evidence the EEOC records and this issue will undoubtedly arise anew on remand, we would add that, for the reasons stated in *Cox*, such denial was not erroneous.

Affirmed in part and remanded in part.