Carrie Dell COPELAND and Betty Bennett, Individually and for all Others Similarly Situated, Plaintiffs-Appellants,

v.

Herschel SAUCIER, Director of the Division of Family and Children Services, Defendant-Appellee.

No. 72-2698.

United States Court of Appeals, Fifth Circuit.

April 4, 1973.

---

See also, D. C., 330 F.Supp. 383.

Jay E. Loeb, Michael H. Terry, Atlanta, Ga., for plaintiffs-appellants.

Arthur K. Bolton, Atty. Gen., Timothy J. Sweeney, Asst. Atty. Gen., Atlanta, Ga., for defendant-appellee.

David A. Webster, Atlanta, Ga., for other interested parties.

Before BELL, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This appeal arises out of the welfare system. The recipients of welfare are entirely dependent on the government for sustenance. They cannot subsist absent their monthly checks, else they would not qualify for welfare in the first instance.

Complainants sought relief from what they contend are inordinate delays on the part of Georgia in replacing lost or stolen welfare checks. The district court denied relief after a careful study of the Georgia method of replacement. We affirm.

Georgia has not adopted a system of requiring welfare recipients to obtain their monthly checks by hand. Instead, the checks are forwarded to recipients in the United States mail. The problem comes in the fact that some checks are lost or stolen before delivery. In such cases, the intended recipient is rendered destitute pending replacement of the check.

The questions presented are (1) whether Georgia must immediately replace the lost or stolen check pending a hearing or, in the alternative, (2) whether the delay in the process which is employed in replacing the lost or stolen checks is so unreasonable as to constitute a denial of due process of law. It is the position of petitioners that such checks should be replaced in a maximum period of eight days after the initial report of the missing check.

We hold that the district court did not err in rejecting the first contention of complainants. We are unable to find any support in the appertaining statutes or regulations which makes the circumstances of replacing lost or stolen checks tantamount to cutting off welfare funds with the result of mandating a hearing and an immediate interim replacement of the lost or stolen check.

As to the claim of a due process denial in the delay in replacing checks, it appears that a missing check which has not been cashed is replaced within an average of 15 days after the initial report of non-receipt. The average is 45 days in those cases where the check has been cashed. A good deal of the delay in this latter type case is consumed in having the bank credit the state's bank account. The state contends that this must be done to make the necessary funds available.

It can be argued, of course, that these times could be reduced by more expeditious practices on the part of the state and the banks which are involved. We do not doubt this contention and it does appear that the state recognizes the seri-

ousness of the problem and is attempting to reduce the time lags.[1]

 Assuming *arguendo* a due process right couched in terms of reasonably prompt replacement of lost or stolen welfare checks once the welfare system is constituted, there is no basis in the record before us for holding that the district court erred in concluding, based on the underlying facts, that the delays here were not unreasonable.

Moreover, the record is that the delays in Georgia are substantially in line with the delay in the federal process of replacing lost or stolen Social Security checks. This is not to say that two wrongs make a right; it is to say that a parallel is a factor to be considered.

Affirmed.

---

1. Georgia has not yet adopted an emergency assistance program for use in the circumstances presented by complainants here and is not required to do so since such a program is optional to the states. 42 U.S.C.A. §§ 603(a)(5), 606(e).