Lorraine E. Wolf *vs*. Commissioner of Public
Welfare.

Suffolk. December 4, 1974. — April 3, 1975.

Present: Tauro, C.J., Reardon, Braucher, Kaplan, & Wilkins, JJ.

*Equity Jurisdiction*, Declaratory proceeding, Class suit. *Moot
Question*.

A bill in equity for declaratory relief should not have been dismissed
on the ground that the plaintiff failed to allege an actual contro-
versy where the plaintiff made factual allegations indicating that a
controversy was inevitable, a plea in abatement by the defendant
merely denied its existence, and its existence was never litigated
in the trial court. [296]
A bill in equity for declaratory relief should not have been dismissed
on the ground that it failed to include allegations indicating how
declaratory relief would "remove an uncertainty" within G. L.
c. 231A, § 2, where a plea in abatement by the defendant did not
assign such a ground for dismissal, the allegations of the bill did
not show that declaratory relief would not remove an uncertainty,
and the record did not indicate, as required by § 3, the reasons
for refusal of relief on the ground of failure to terminate an un-
certainty. [297]
A bill in equity seeking injunctive relief against a public officer
should not have been dismissed on the ground that the bill failed
to include allegations sufficient to show that such an injunction
was required where a plea in abatement by the defendant did not
assign such a ground for dismissal and the necessary facts to justify
such relief could be established at trial. [297]
A bill in equity filed on behalf of the plaintiff and her children and
other persons who had failed to receive replacements of reportedly
unreceived public assistance checks for aid to families with de-
pendent children, and seeking an injunction against the Commis-
sioner of Public Welfare ordering prompt replacement of all such
unreceived checks and a declaration that State and Federal regula-
tions required such replacement, should not have been dismissed
on the ground of mootness by reason of issuance of a replacement
check by the defendant to the plaintiff after the bill was filed,

because, although the plaintiff's receipt of the check technically removed her from the class, she might properly continue to represent the class; the case was assertedly important; the underlying controversy continued; and the defendant had not shown that there was no reasonable expectation that the alleged wrong would be repeated. [297-300]

BILL IN EQUITY filed in the Superior Court on April 9, 1973.

The suit was heard by *Kalus*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Jeffrey W. Kobrick & Richard A. Cohen* for the plaintiff.

*Nicholas P. Arenella*, Assistant Attorney General, for the defendant.

WILKINS, J. The plaintiff filed a bill for injunctive and declaratory relief against the Commissioner (Commissioner) of the Department of Public Welfare (Department) on behalf of herself and her children and on behalf of certain other persons who received public assistance in the form of aid to families with dependent children (AFDC).

The plaintiff alleged the following facts. She did not receive her bimonthly assistance check on or about March 31, 1973, and properly gave notice of that fact to a representative of the Department. The Department has a regulation concerning lost or stolen checks (State Letter 272) which provides in part that "every effort is to be made to avoid delays in order that the replacement check will be received by the recipient on the fourth day after the original mailing date." Additionally, the Social Security Act (42 U. S. C. § 601 [1970] et seq.) and Federal regulations require that the Department promptly replace assistance checks when it learns that they have not been received. The plaintiff unsuccessfully attempted to obtain a replacement check; the Department generally delays in furnishing replacement checks; and

the receipt of such a check is of considerable importance to the plaintiff and her children. The plaintiff alleged that this proceeding was appropriately brought on behalf of other recipients of AFDC "who have failed or will have failed during the pendency of this action to receive an assistance check issued by the . . . [Department] and who have or will have been denied a prompt replacement of the check by the Department."

The bill, filed on April 9, 1973, sought (a) an injunction ordering replacement of all reportedly unreceived AFDC checks "within four days of the mailing of the original assistance checks" and (b) a declaration that (i) the Social Security Act and certain Federal regulations require immediate replacement of public assistance checks and (ii) State Letter 272 requires the Commissioner to replace reportedly unreceived AFDC checks within four days of the mailing of the original check.

The defendant filed a plea in abatement which was sustained. The plea set forth three grounds: (1) the case was moot because the plaintiff had received her replacement check; (2) there was no actual controversy justifying declaratory relief under G. L. c. 231A; and (3) there was no factual basis presenting a common controversy justifying certification of the class. The Superior Court judge heard the plea on the arguments of counsel and sustained the plea on the ground of mootness. [1] The other two grounds were not considered by the judge and, therefore, no evidence with respect to them was received.

The plaintiff appealed from a final decree dismissing the bill. The Appeals Court did not discuss the mootness question but, with one judge dissenting, affirmed the final decree with a minor modification. [2] *Wolf* v.

[1] The parties agreed that the plaintiff had received her replacement check.

[2] The Appeals Court ordered that the decree be modified to provide for dismissal without prejudice.

*Commissioner of Pub. Welfare*, 2 Mass. App. Ct. 812 (1974). The Appeals Court rested its decision on the plaintiff's failure (1) to allege an "actual controversy"; (2) "to suggest how a grant of the declaratory relief prayed for would 'remove an uncertainty' within the meaning of G. L. c. 231A, § 2"; and (3) to include an allegation which would require the court to grant injunctive relief against a public officer. We granted the plaintiff's request for further appellate review.[3]

The reasons advanced by the Appeals Court do not justify the dismissal of the bill.

(1) The existence of an actual controversy never was litigated in the Superior Court. We do not know the Department's position in response to the allegations that it disregarded State and Federal requirements for prompt replacement of assistance checks.[4] Even if the Commissioner admits the plaintiff's allegations, a dispute may remain over whether the Commissioner properly may continue to disregard his own regulations or Federal requirements, or both. See *Woods* v. *Newton*, 349 Mass. 373, 378-379 (1965). This issue cannot be resolved on the defendant's unsupported allegation that there is no actual controversy when the plaintiff has made factual allegations indicating that a controversy of some sort is inevitable.[5]

(2) The Appeals Court's conclusion that the bill did not suggest how declaratory relief would "remove an uncer-

---

[3] Mrs. Wolf died subsequent to the Appeals Court decision. We have allowed a motion to substitute her oldest child (an adult), to whom the public assistance grant for the support of the minor children allegedly has been transferred. There is no suggestion that this circumstance in any way affects the issues in this case.

[4] The defendant was allowed to file a plea in abatement, reserving his answer.

[5] Of course, if the defendant alleged the absence of an actual controversy because the plaintiff had received her replacement check, the issue is the same as the question of mootness, which we consider below.

tainty" (see G. L. c. 231A, § 2) is not an adequate ground to dismiss the bill. The plea in abatement assigned no such ground. If a court refuses to grant declaratory relief because it would not "terminate the uncertainty," the reasons for that refusal must appear in the record. G. L. c. 231A, § 3. The allegations of the bill do not show that a declaratory decree would not remove or terminate an uncertainty or controversy. Thus the bill should not have been dismissed on this ground. See *Ciszewski* v. *Industrial Acc. Bd., ante,* 135, 139 (1975).

(3) Likewise, the bill should not have been dismissed for failing to show that an injunction was required against a public official. This ground also was not raised by the plea in abatement. In any event, even if the appropriateness of injunctive relief against a public official was not made out in the pleadings, the facts established at trial might justify such an order and declaratory relief might still be appropriate.

We come, then, to the question whether this bill should have been dismissed as moot, as the Commissioner alleged and the Superior Court held. This issue has been the subject of considerable attention in the Federal courts, which have held generally that a class action is not mooted by the settlement or termination of the named plaintiff's individual claim.[6]

Policies underlying the doctrine of mootness do not require the dismissal of this bill. Rather, they indicate that the judge should have passed on the existence of a proper class before considering the question of mootness. See *Sosna* v. *Iowa,* 419 U. S. 393, 399 (1975); *Quevedo*

---

[6] Several of these cases, involving disputes over the speedy processing of public assistance checks, hold that the named plaintiff's receipt of the desired relief does not moot the class action. *Like* v. *Carter,* 448 F. 2d 798, 802 (8th Cir. 1971), cert. den. 405 U. S. 1045 (1972). *Adens* v. *Sailer,* 312 F. Supp. 923, 926 (E. D. Pa. 1970). *Copeland* v. *Parham,* 330 F. Supp. 383, 385 (N. D. Ga. 1971), affd. sub nom. *Copeland* v. *Saucier,* 475 F. 2d 1127 (5th Cir. 1973).

v. *Collins,* 414 F. 2d 796 (5th Cir. 1969). During the interim between the plaintiff's assertion that she brought the suit in a representative capacity and the court's certification or refusal to certify the class, the judge should have treated the suit as a class suit for the purposes of dismissal or compromise. *Gaddis* v. *Wyman,* 304 F. Supp. 713, 715 (S. D. N. Y. 1969), affd. sub nom. *Wyman* v. *Bowens,* 397 U. S. 49 (1970). *Gatling* v. *Butler,* 52 F. R. D. 389, 395 (D. Conn. 1971). *Washington* v. *Wyman,* 54 F. R. D. 266, 271 (S. D. N. Y. 1971).

Courts decline to hear moot cases because (a) only factually concrete disputes are capable of resolution through the adversary process, (b) it is feared that the parties will not adequately represent positions in which they no longer have a personal stake, (c) the adjudication of hypothetical disputes would encroach on the legislative domain, and (d) judicial economy requires that insubstantial controversies not be litigated. These concerns would have been met here if an actual controversy existed between the plaintiff class and the Department, if the case were appropriate for class treatment and if the plaintiff were an adequate representative of the class. See *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 266-267 (1923). See now Mass. R. Civ. P. 23, 365 Mass. 767 (1974).

Several independent considerations militate against holding this case moot. This is a case of asserted importance, "capable of repetition, yet evading review,"[7] because the claim of any named plaintiff is likely to be mooted by the mere passage of time during the appeal process. See *Dunn* v. *Blumstein,* 405 U. S. 330, 333,

---

[7] *Southern Pac. Terminal Co.* v. *Interstate Commerce Commn.* 219 U. S. 498, 515 (1911). See *Tsongas* v. *Secretary of the Commonwealth,* 362 Mass. 708, 713-714 (1972); *Gas & Elec. Commrs. of Middleborough* v. *Department of Pub. Util.* 363 Mass. 433, 436 (1973); *Karchmar* v. *Worcester,* 364 Mass. 124, 136 (1973); *Storer* v. *Brown,* 415 U. S. 724, 737, fn. 8 (1974); *Super Tire Engr. Co.* v. *McCorkle,* 416 U. S. 155 (1974).

fn. 2 (1972); *Roe* v. *Wade,* 410 U. S. 113, 125 (1973), reh. den. 410 U. S. 959 (1973); *Sosna* v. *Iowa,* 419 U. S. 393, 400-402 (1975). In such a case, a court should take particular care that judicial review not be foreclosed on the basis of technical "mootness." If the underlying controversy continues, a court will not allow a defendant's voluntary cessation of his allegedly wrongful conduct with respect to named plaintiffs to moot the case for the entire plaintiff class.[8] *United States* v. *W. T. Grant Co.* 345 U. S. 629, 632 (1953). *United States* v. *Concentrated Phosphate Export Assn. Inc.* 393 U. S. 199, 203 (1968). *Anderson* v. *Albany,* 321 F. 2d 649, 657 (5th Cir. 1963). *Cypress* v. *Newport News Gen. & Nonsectarian Hosp. Assn. Inc.* 375 F. 2d 648, 658 (4th Cir. 1967). *Vaughan* v. *Bower,* 313 F. Supp. 37, 40 (D. Ariz. 1970, affd. 400 U. S. 884 (1970). *Smith* v. *Young Men's Christian Assn. of Montgomery, Inc.* 316 F. Supp. 899, 903 (M. D. Ala. 1970), modified on other grounds 462 F. 2d 634 (5th Cir. 1972). *Rakes* v. *Coleman,* 318 F. Supp. 181, 191 (E. D. Va. 1970). *Crow* v. *California Dept. of Human Resources,* 325 F. Supp. 1314, 1316 (N. D. Cal. 1970), revd. on other grounds 490 F. 2d 580 (9th Cir. 1973), cert. before judgment den. 408 U. S. 924 (1972). *Cantrell* v. *Folsom,* 332 F. Supp. 767 (M. D. Fla. 1971). In fact, to establish mootness in such circumstances, a defendant bears a heavy burden of showing that there is no reasonable expectation that the wrong will be repeated; and a defendant's mere assurances on this point may well not be sufficient.[9] *United States* v. *W. T. Grant Co., supra,* at 633. *United States* v. *Concentrated Phosphate Export Assn. Inc., supra. Lankford* v. *Gelston,* 364 F. 2d 197, 203 (4th Cir. 1966). *Pullum* v.

---

[8] The Department issued Mrs. Wolf's replacement check shortly after the commencement of this suit.

[9] We note that the Commissioner has made no such assurances in this case, as the pleadings did not advance to a stage requiring him to admit or deny the plaintiff's allegations.

*Greene,* 396 F. 2d 251, 256 (5th Cir. 1968). Thus, even after the named plaintiff's individual claim is satisfied and technically she no longer is a member of the class, she properly might continue to represent the class in vindicating the asserted. rights. *Sosna* v. *Iowa, supra. Rivera* v. *Freeman,* 469 F. 2d 1159, 1163 (9th Cir. 1972). *Moss* v. *Lane Co. Inc.* 471 F. 2d 853, 855 (4th Cir. 1973). *Conover* v. *Montemuro,* 477 F. 2d 1073, 1082 (3d Cir. 1972). *Roberts* v. *Union Co.* 487 F. 2d 387, 389 (6th Cir. 1973). *Stokes* v. *Bonin,* 366 F. Supp. 485, 488 (E. D. La. 1973). *Davis* v. *Caldwell,* 53 F. R. D. 373, 376 (N. D. Ga. 1971). *Thomas* v. *Clarke,* 54 F. R. D. 245, 252 (D. Minn. 1971).

In light of these considerations, we hold that this case should not have been dismissed for mootness. The interlocutory decree sustaining the plea in abatement is reversed; the decree dismissing the bill is reversed; and the case is remanded to the Superior Court for proceedings consistent with this opinion.

*So ordered.*