**Joseph C. BURGESS et al., Plaintiffs,**

**v.**

**Earl L. BUTZ et al., Defendants.**

**Civ. A. No. 75–0614CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

Aug. 31, 1976.

Roxanne Rogers, Logan, W. Va., Lorelei J. Borland, Food Research & Action Center, Inc., New York City, for plaintiffs.

John A. Field, III, U. S. Atty., James B. Hoover, Asst. Atty. Gen., Charleston, W. Va., for defendants.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

This civil action was brought under the Food Stamp Act, 7 U.S.C. § 2011 *et seq.*, and was filed by five individuals in their own capacities, and also purporting to serve as representatives of two sub-classes of financially eligible and needy persons who were coal miners in the State of West Virginia who were regularly employed, but who were denied food stamp benefits since the individual plaintiffs and other coal miners in this State during early August, 1975, through early September, 1975, were engaged in a strike.

The defendants were the Secretary of the United States Department of Agriculture, the Administrator of the Food and Nutrition Service of the United States Department of Agriculture, the Acting Director of the Food and Nutrition Service of the United States Department of Agriculture, and the Commissioner of the Department of Welfare for the State of West Virginia.

At issue initially were the provisions of 7 U.S.C. § 2014(c) which provided in essence that one who is on strike has not refused to accept employment "under the Food Stamp Act" and therefore would ordinarily be entitled to obtain food stamps.

Thus, during August, 1975, through early September, 1975, a series of "wildcat" strikes idled the West Virginia coal mining industry. Some miners, including the named plaintiffs, sought food stamps, and were otherwise qualified for them financially, but were denied them since the strikes (at least as to certain plaintiffs) had been enjoined as illegal.

The West Virginia Department of Welfare based its decision to deny benefits upon Section 2020.1 of its Food Stamp Manual (which generally parallels 7 C.F.R. § 271.3) which permitted distribution of food stamp benefits to strikers, 7 U.S.C. § 2014(c), but which *denied* them where a court had enjoined the strike and declared it illegal. The strikers were denied benefits and this litigation ensued.

The plaintiffs were seeking declaratory and injunctive relief to prevent the above defendants from refusing to provide them with food stamp benefits solely because they were employees of coal companies in this State and because there was a strike then in progress in the West Virginia coal fields. They based jurisdiction upon 28 U.S.C. §§ 1331, 1337, and 1343 in conjunction with 42 U.S.C. § 1983 and finally based jurisdiction upon 5 U.S.C. §§ 701–706. Declaratory relief was sought pursuant to 28 U.S.C. §§ 2201 and 2202.

The suit was filed with this Court on September 9, 1975, and on September 10, 1975, a Motion for a Preliminary Injunction, a Motion for a Class Action, and a Motion for a Temporary Restraining Order were also filed.

On September 12, 1975, the Governor of this State issued a press release stating that he was instructing the Commissioner of the West Virginia Department of Welfare (one of the named defendants herein) to provide food stamp benefits to all miners who had returned to work at their job site and who met the financial eligibility requirements for participation in the Food Stamp program. As of September 12, 1975, the named plaintiffs and a majority of the purported yet uncertified class (or sub-classes) of plaintiffs had returned to work.

These facts were presented to this Court in a hearing on the plaintiffs' Motion for a Temporary Restraining Order which found those facts recited above and additionally found that the irreparable harm that plaintiffs sought to avert by their motion had been alleviated by the Governor's order of September 12, 1975. Accordingly, the Motion for a Temporary Restraining Order was denied and the case was to be rescheduled at some future date on plaintiffs' Motion for a Preliminary Injunction. This order was entered to be effective as of September 12, 1975.

Since the entry of that order, the Commissioner of the Department of Welfare for

this State filed an Answer containing various admissions and denials; the Secretary of the United States Department of Agriculture, *et al.,* filed a Motion to Dismiss asserting that this case was now moot since the strike in question had ended and the named plaintiffs had returned to work; and on January 30, 1976, the plaintiffs filed a Motion for Summary Judgment based upon the claims raised in their Complaint. To date, there has been no hearing held or order entered certifying this case as any type of class action. Nor has a hearing on the permanent injunction ever been held or requested. Finally, there is no evidence in this record regarding any strike or denial of food stamp benefits other than that set forth in the Complaint relating to the August-September, 1975, coal field strike. Such is the record to date.

Recently, this Court entered an order scheduling oral argument for September 10, 1976, regarding the plaintiffs' Motion for Summary Judgment and the Motion to Dismiss filed by the Secretary of Agriculture, *et al.* Upon further reflection, and based upon a thorough reexamination of the file in this case, the Court holds that the instant civil action is clearly moot.

### I.

The mootness question may be divided into two parts: (1) The request for injunctive relief; and (2) The request for declaratory relief. Damages are not involved in this case.

### II.

### INJUNCTIVE RELIEF

Article III of the United States Constitution plainly requires the existence of a "case or controversy" as a constitutional prerequisite to the exercise of the judicial power conferred upon the federal courts. *Sosna v. Iowa,* 419 U.S. 393, 402, 95 S.Ct. 553, 42 L.Ed.2d 532 (1974); *De Funis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1973).

■ In this case, because the coal strike of August-September 1975 is over, because the Governor of this State required the issuance of food stamp benefits to all miners who had returned to work at their job sites and who met the financial eligibility requirements for participation in the Food Stamp Program, and primarily because this case never has been certified as a class action of any type, then this Court could not fashion an injunction to compel compliance with conduct which has already occurred. Accordingly, there is no "case or controversy" in existence, and the request for injunctive relief is moot. *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 121–122, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974); *De Funis v. Odegaard, supra,* at 319–320, 94 S.Ct. 1704, 40 L.Ed.2d 164; *Sosna v. Iowa,* 419 U.S. 393, 399, 402, 95 S.Ct. 553, 42 L.Ed.2d 532 (1974); *Linkenhoker v. Weinberger,* 529 F.2d 51 (4th Cir. 1975); *Lewis v. Sandler,* 498 F.2d 395 (4th Cir. 1974).

### III.

### DECLARATORY RELIEF

■ In a case where the injunctive relief has been mooted, a separate inquiry must be made regarding the declaratory relief which also has been sought. *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 121, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974); *Roe v. Wade,* 410 U.S. 113, 166, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Zwickler v. Koota,* 389 U.S. 241, 254, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

■ In the instant case, as heretofore noted, there has been no determination or order that the case may proceed as a class action. The named plaintiffs in this litigation have received the food stamps they sought when the suit was filed. Accordingly, the declaratory relief which was sought, like the injunctive relief above, is also moot.

For instance, in *Linkenhoker v. Weinberger,* 529 F.2d 51 (4th Cir. 1975), various plaintiffs who were participants in public service employment programs established pursuant to 42 U.S.C. § 632(b) brought a suit against the Secretary of Health, Education, and Welfare and others to compel them to disregard their earnings from their

public service employment in computing their benefits under the A.F.D.C. program.

The defendants were granted summary judgment and the plaintiffs appealed. The United States Court of Appeals for the Fourth Circuit vacated the judgment and remanded the case with directions to dismiss it as moot since, at the time oral argument was held, all the named plaintiffs had ceased participation in public service employment; thus, .

". . . [s]ince a request for class certification was previously withdrawn, the case [was] now moot as to the requested declaratory and injunctive relief . . . ." *Linkenhoker v. Weinberger,* 529 F.2d 51, 52 (4th Cir. 1975).

Conversely, where a case *has been* certified as a class action, the intervening resolution of the controversy as to the named plaintiffs does not "inexorably" moot the case since the:

". . . controversy may exist, . . ., between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot." *Sosna v. Iowa,* 419 U.S. 393, 401–2, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1974); *See also: Moss v. Lane Company, Inc.,* 471 F.2d 853 (4th Cir. 1973).

Due to the lack of class certification, under the facts alleged in this case, this Court does not feel that there now exists:

". . . a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1968).

## IV.

The Court declines to certify this case as a class action. F.R.C.P. 23(c).

## V.

### ORDER

It is accordingly ORDERED that this civil action is dismissed as moot. The Clerk is directed to send certified copies of this Memorandum Order to counsel of record.