**Angerman v. Trans World Airlines, Inc.**

*Allen N. Brunwasser,* for plaintiff.
*Jeffrey S. Blum,* for defendant.

SILVESTRI, *J.,* August 18, 1983—On June 4, 1981, this action was commenced by way of a "Praecipe for Summons in Class Action."

At a hearing, shortly after the filing of the Praecipe, on a matter relating to discovery, this court (Silvestri, J.) advised counsel for the representative plaintiff that Pa. R.C.P. 1703(a) states that a class action can only be commenced by filing a complaint and suggested that counsel commence the action as required by the class action rules.

On July 8, 1981, counsel for plaintiffs, after notice to defendant, presented a motion to the Motions Judge (Papadakos, J.) to have Judge Silvestri removed as class action judge in this case[1]. Judge Papadakos, on July 8, 1981, entered the following order: "Motion presented to Administrative Judge with all counsel present. No action taken on motion and no argument, on or off record permitted since Judge Silvestri has retained jurisdiction on the case and all motions must be presented to him."

On July 10, 1981, plaintiff filed a five count class action complaint. Count I was entitled "Claim For Relief Under Warsaw Convention, 49 U.S.C. 1502"; Count II was entitled "For Violation of The Pennsylvania Unfair Trade Practices and Consumer Protec-

---

1. Judge Silvestri is assigned all class actions pursuant to an administrative order of Civil Division of the court.

tion Law, 73 Pa. C.S. §201-1 to 201.9.2"; Count III is in Assumpsit, Count IV is in Trespass and Count V is in Equity. The foregoing counts were then followed by class action allegations.

On July 14, 1981, TWA filed a "Notice of Filing of Petition for Removal" to the United States District Court for the Western District of Pennsylvania.

The United States District Court, by amended Order, dated June 30, 1982, granted TWA's motion for summary judgment as to Count I (Warsaw Convention) and Count II (Assumpsit) and dismissed said Counts and remanded the case to the Court of Common Pleas of Allegheny County.

TWA filed a motion for protective order and a motion to transfer the case to the Arbitration Section of the Civil Division of the Court. By letter dated July 26, 1982, which was not docketed, this court notified the parties that the foregoing motions would be heard on August 2, 1982 at 3:00 p.m.

On July 28, 1982, plaintiff filed an appeal to the Superior Court from the July 28, 1982 order (the aforesaid letter) of Judge Silvestri.

On or about August 11, 1982, plaintiff filed a petition to permit I. C. Brunwasser to withdraw as representative, but to continue as member of class action and substitute Ronald Angerman, Robert S. Isabel, Jean Isabel, John M. Galon, Judith Galon, Robert C. Connor, Evilyne E. Connor, Rita J. McDonald and Jennifer A. McDonald as class action representatives and a petition to amend class action complaint. Despite Judge Papadakos' order of July 8, 1981, counsel for plaintiff notified TWA that the aforesaid petitions would be presented to Judge Papadakos on August 18, 1982 at 9:30 a.m.

On September 24, 1982, plaintiff discontinued her appeal to the Superior Court from the order of July 26, 1982.

On September 29, 1982 by letter, which was not docketed, this court notified the parties that hearing on TWA's motion for protective order and to transfer the case to arbitration would be held on October 6, 1982 at 9:00 a.m.

On October 5, 1982, plaintiff filed an appeal to the Superior Court from the order (letter) of September 29, 1982.

On February 16, 1983, this court issued an order fixing February 24, 1983 at 1:30 p.m. as the date and time of hearing on TWA's motion for protective order and motion to transfer the case to arbitration and on plaintiff's motion to amend the class action.

On February 22, 1983, plaintiff filed a motion to remand, before the Superior Court, the appeal taken on October 5, 1982, from the order of September 29, 1982.

On February 24, 1983, in view of the motion to remand of plaintiff, a hearing was held on the aforesaid motions of TWA and plaintiff[2].

After hearing, this court, entered four separate orders, each dated February 25, 1982, as follows:

1. The motion of TWA to transfer the case to arbitration was denied.

2. The motion of TWA for protective order was denied.

3. The motion of I.C. Brunswasser to withdraw as Class Representative and substitute the above

---

2. Plaintiff, prior to the hearing on February 24, 1982 by phone call to the secretary requested that this court have a stenographer present at the hearing to record the proceedings. This court instructed plaintiff, through its secretary, that if plaintiff wanted a stenographer present, she should arrange to do so. A court stenographer was present, recorded the proceedings and filed a transcript thereof in the record of this case.

named persons as class representatives was granted.

4. The order to amend was as follows:

". . .it is hereby ORDERED that the petition of Ronald Angerman, et al., class representatives, to amend class action complaint is granted. However, since the proposed amended complaint attached to the petition for leave to amend is not in compliance with Pa. R.C.P. 1019 and Pa. R.C.P. 1701 and contains many allegations and citations to law which are not properly part of the complaint, the representative plaintiff shall file an amended complaint consistent with and in compliance with Pa.R.C.P. 1019 and 1701 et seq. The amendment shall be filed within twenty (20) days from the date hereof."

Plaintiff filed an amended complaint on March 11, 1983.

On April 25, 1983, TWA filed preliminary objections to the amended complaint of March 11, 1983 in the nature of a motion to strike, demurrer, more specific pleading, pre-emption and lack of proper verification.

On April 26, 1983, this court ordered argument on TWA's preliminary objections for May 3, 1983 at 9:00 a.m.; TWA having filed its brief at the time it filed its preliminary objection, the court, in its order scheduling the argument, directed the plaintiff to file their brief on or before May 2, 1983[3].

At the argument on the preliminary objections, a review of the amended complaint of March 11, 1983 revealed that it was not only patently objectionable but also in disregard of this court's order dated February 25, 1983 (Order No. 4). After hearing, this court entered an order, dated May 3, 1983, granting

---

3. Plaintiffs did not file a brief in opposition to TWA's preliminary objections.

and sustaining the preliminary objections of TWA and granted plaintiffs leave to amend the complaint within 60 days from May 3, 1983.

The 60 days to amend the complaint expired on July 5, 1983[4].

On July 28, 1983, TWA filed a motion to dismiss the within action by reason of plaintiff's failure to comply with the order of May 3, 1983.

On August 1, 1983, this court entered an order setting August 15, 1983 at 11:00 a.m. for a hearing on TWA's motion to dismiss.

On or about August 10, 1983, this court received a telephone call from counsel for the plaintiff stating that he was then in Presbyterian Hospital in Pittsburgh, that he had fallen when crossing a downtown street; he stated the details of his fall and his course of treatment in the hospital. When asked by this court if he was all right, he replied in the affirmative. When the court asked if he had contacted counsel for TWA relative to his accident and hospitalization, he replied in the negative. Counsel for plaintiff did not, at this time, request that the hearing be continued. This court then told him to be present on August 15, 1983 and make his statement on the record.

On August 15, 1983, counsel for TWA appeared at 11:00 a.m., pursuant to the order of August 1, 1983; counsel for the plaintiff failed to appear. This court called counsel for plaintiff at his office phone number; counsel answered the phone from his residence in the Gateway Towers in downtown Pittsburgh; the court advised him that counsel for TWA

---

4. The 60th day was July 2, 1983, a Saturday, and Monday July 4, 1983, was a holiday.

was present for the scheduled hearing and inquired why he was not present.

Counsel for plaintiff stated he had a letter from a doctor stating he should not do any work and that the letter had been sent to Judge O'Malley, President Judge. This court asked why he had not sent the letter to this court and he said that he expected Judge O'Malley to make distribution or notify other members of the court of his unavailability[5]. Counsel for the plaintiff then requested that he be given to October 1, 1983 to file an amended complaint.

The events giving rise to this action began in January of 1981. This action was improperly initiated as a class action by way of praecipe for a summons in class action on June 4, 1981. A complaint was filed on July 10, 1981. After two appeals to the Superior Court and other collateral proceedings, plaintiffs filed a petition to amend which had attached thereto a proposed amended complaint. The proposed amended complaint was improper and this court directed the plaintiffs to file a proper amended complaint. Plaintiffs filed an amended complaint as directed, which was also improper. The court gave the plaintiffs leave to file another amended complaint within 60 days from May 3, 1983, which plaintiffs have failed to do.

The events giving rise to this action, as hereinabove noted, occurred in January of 1981, the Praecipe was filed June 4, 1981, we are now in Au-

---

5. This court spoke with Judge O'Malley who acknowledged he received such a letter, which he sent to the Calendar Control Judge, who supervises scheduling of cases on the jury, non-jury trial list and arbitration. Neither Judge O'Malley nor the Calendar Control judge would know what other matters the individual judges of the Civil Division had scheduled in cases assigned to them.

gust of 1983, a period of over two years, and there is no viable complaint in the record. This despite the fact that plaintiffs, after filing the original complaint, asked and were given leave to file an amended complaint, which complaint was inproper and, for a third time, were given the right to amend, which has not been done. Plaintiffs have been given ample opportunity to file a proper complaint.

We note, and it is significant, that the time for plaintiffs to file their amended complaint expired on July 5, 1983. Plaintiffs made no effort to seek leave of the court or agreement with TWA to extend the time for filing the amended complaint beyond July 5, 1983. Plaintiffs did nothing until receipt of the order of August 1, 1983 setting a hearing on TWA's motion to dismiss for August 15, 1983.

TWA filed its motion to dismiss on July 28, 1983, 23 days after the due date of the amended complaint. The order setting the hearing on the motion to dismiss was dated August 1, 1983, 27 days after the due date of the amended complaint. Counsel for plaintiffs did not contact this court until on or about August 10, 1983, 36 days after the due date of the amended complaint. Counsel for plaintiffs stated to this court that he had entered the hospital on August 4, 1983, which is 30 days after the due date of the amended complaint.

Counsel for plaintiffs has offered no reason why the amended complaint was not filed on or before July 5, 1983 or why he had not sought an extension of time; obviously his hospitalization on August 4, 1983 and present physical or mental condition, whatever they may be, are not reasons why the amended complaint was not filed on or before July 5, 1983.

Among the criteria for certification of a class action is whether the attorney for the representative

parties will adequately assert and protect the interest of the class, Pa. R.C.P. 1709(a). The determination of whether an action filed as a class action should be certified as a class action is to be made after the pleadings are closed, Pa.R.C.P. 1707(a). An action filed as a class action is a class action for all purposes unless and until the court refuses to certify the action as a class action. The certification hearing is for the purpose of determining whether the action shall continue as a class action or as an action with individual parties only. In a sense, it is designed to decide who shall be the parties to the action and nothing more. Explanatory note to Pa.R.C.P. 1707(c).

Ordinarily, a court will not address the class action allegations on preliminary objections to the substantive claim[6]. However, where, as here, more than two years have elapsed from the attempted commencement of the class action by way of a praecipe and there has been no viable complaint filed, there being ample opportunity to do so, due process for putative class members requires that the court look at the relevant prerequisites and criteria of a class action which may be affecting the progress of the action.

In Janicik v. Prudential Ins. Co. of America, 305 Pa. Super. 120, 451 A.2d 451 (1982), the Superior Court, relative to adequacy of counsel, said: "Generally, '[u]ntil the contrary is demonstrated, courts will assume that members of the bar are skilled in their profession' Dolgow v. Anderson, 43 F.R.D. 472, 496 (E.D.N.Y. 1968). Accord, Piel v. National

---

6. Pa. R.C.P. 1705 provides that issues of fact with respect to the class action allegations may not be raised by preliminary objections but shall be raised by the answer.

Semiconductor Corp., supra. Courts may also infer the attorney's adequacy from the pleadings, briefs and other materials presented to the court, or may determine these warrant further inquiry. See Allendio v. State Farm Mutual Automobile Insurance Co., supra, 259 Pa. Super. at 581-82, 393 A.2d at 978; Moss v. Lane Co., 471 F.2d 853, 855 (4th Cir. 1973)."

From all the proceedings in this case, both direct and collateral, as hereinabove delineated, this court regretfully concludes that the representative parties and absent class members are not being adequately represented by present counsel and will enter an order removing counsel and directing that substitute counsel be obtained.

## ORDER

And now, this August 18, 1983, it is ordered as follows:

1. That Allen N. Brunwasser is removed as counsel for the representative parties in the within action.

2. That the representative parties are given 30 days from the date hereof to obtain substitute counsel who shall enter an appearance in the within action.

3. Failure of the representative parties to obtain substitute counsel within the time herein set forth, the within action is dismissed.

4. Representative parties, by substitute counsel, shall file an amended complaint within 60 days from the date hereof; failure to file an amended complaint within the time herein set forth, the within action is dismissed.