BROOKLINE CITIZENS TO PROTECT THE PARKS TAXPAYER GROUP *vs.* BOARD OF SELECTMEN OF BROOKLINE and another[1]; THE COUNTRY CLUB, intervener. No. 88-P-612. September 11, 1989. *Practice, Civil,* Moot case.

In April, 1987, the town of Brookline entered into a contract with the intervener ("the Brookline Country Club", or "the club") enabling the club to use the grounds of the town-owned Putterham Meadows Golf Course and Lars Anderson Park for parking cars during the 1988 U.S. Open golf tournament scheduled for June of that year. On January 26, 1988, the plaintiffs, a group of ten taxpayers of Brookline, filed a complaint in the Superior Court seeking to enjoin use of either of the two grounds, their contentions being, inter alia, that the selectmen, who had authorized the contract on April 14, lacked authority to do so and that the use of the grounds for parking as contemplated would be illegal (for reasons it is not necessary to recount) and would result in irreparable environmental damage. The judge expedited the case with the cooperation of the parties and on April 27, 1988, ordered judgment to be entered on the merits for the defendants and the intervener. The plaintiffs appealed from the judgment and the judge ordered assembly of the record on an expedited basis. On June 10, 1988, a single justice of this court, having the benefit of the plaintiffs' brief and appendix which had been filed on June 3, denied (as had the trial judge) a motion by the plaintiffs for an injunction against parking on the grounds pending appeal. The U.S. Open was thereafter played as scheduled from June 13 through June 20, 1988, and the two grounds were used for parking during that period.

The appeal from the judgment will not now be considered on the merits, because the case is moot. The purpose of the action was to prevent that which has occurred. It cannot now be undone. No question of damages remains to be decided. Compare *Hubrite Informal Frocks, Inc.* v. *Kramer,* 297 Mass. 530, 533-536 (1937), and *Cleary* v. *Commissioner of Public Welfare,* 21 Mass. App. Ct. 140, 149-150 (1985). It is not inconceivable that the questions raised in this appeal concerning the status of Lars Anderson Park may recur in some form in the future; but the case does not fit well into the line of cases treating issues that are said to be " 'capable of repetition, yet evading review,' " *Wolf* v. *Commissioner of Public Welfare,* 367 Mass. 293, 298 (1975), quoting from *Southern Pac. Terminal Co.* v. *Interstate Commence Commn.,* 219 U.S. 498, 515 (1911), because it seems clear that

---

[1] The town administrator of Brookline.

there would have been time to hear the appeal on the merits before June, 1988, if the plaintiffs had not waited to file their action until fewer than five months remained before the start of the U.S. Open. The legal status of Lars Anderson Park may be a question of public importance, see *Metros* v. *Secretary of the Commonwealth*, 396 Mass. 156, 159-160 (1985), but many of the arguments in this appeal relate to the private status of the Brookline Country Club and the United States Golf Association (which sponsors the U.S. Open) and the duration and intensity of the particular use that was made of the Lars Anderson Park grounds. It is improbable that the questions will arise in substantially the same form in the future.

The plaintiffs assert that they will be entitled, under G. L. c. 231A, § 7, to an award of attorney's fees, (cf. *M.C.* v. *Commissioner of Correction*, 399 Mass. 909, 912 [1987]), and under G. L. c. 214, § 7A, seventh par., to an assessment of their costs — in particular, an expert witness fee — if they should succeed on appeal in securing a judgment in their favor. A claim for attorney's fees and costs, however, does not justify deciding the merits of an otherwise moot case. *Bagby* v. *Beal*, 606 F.2d 411, 414 (3d Cir. 1979). *Doe* v. *Marshall*, 622 F.2d 118, 119-120 (5th Cir. 1980), cert. denied, 451 U.S. 993 (1981). *Monzillo* v. *Biller*, 735 F.2d 1456, 1463 (D.C. Cir. 1984). *S-1* v. *Spangler*, 832 F.2d 294, 297 n.1 (4th Cir. 1987). Compare *Cleary* v. *Commissioner of Public Welfare*, 21 Mass. App. Ct. at 151-153, where, as in some of the Federal decisions cited, the case was remanded for a determination whether the plaintiff had "prevailed" despite the absence of a judgment in the plaintiffs' favor. In this case, by contrast, there can be no viable contention that the plaintiffs have prevailed in any meaningful sense.

The judgment is vacated, and a new judgment is to be entered dismissing the action, not on the merits, but on the ground that the case has become moot.

*So ordered.*

*Paul R. Collier, III*, for the plaintiff.
*Thomas D. Burns* (*Gary W. Smith* with him) for the intervener.
*David Lee Turner* for the defendants.