553 F.2d 881
 15 Fair Empl.Prac.Cas. 478, 14 Empl. Prac.
Dec. P 7606
Mrs. Natalie BOLTON, Individually and on behalf of all
others similarly situated, Plaintiffs-Appellants,
v.
MURRAY ENVELOPE CORPORATION, Defendant-Appellee.
 No. 75-2849.
 United States Court of Appeals,
Fifth Circuit.
 June 8, 1977.
 
 Fred L. Bank, Jr., Jackson, Miss., Melvyn R. Leventhal, New York City, for plaintiffs-appellants.
 Herbert R. Ginsberg, M. M. Roberts, Hattiesburg, Miss., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before GOLDBERG and TJOFLAT, Circuit Judges, and WYATT*, District Judge.
 TJOFLAT, Circuit Judge:
 
 
 1
 On February 2, 1972, Natalie Bolton filed suit against her former employer, the Murray Envelope Corp., alleging that she had been fired because of her race in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (1970). She also complained on behalf of the class of all blacks who "are barred or terminated or may be barred or terminated from employment or otherwise discriminated against in terms of employment with defendant solely because of their race." After trial without a jury, the district court held that the "plaintiff duly complied with all conditions precedent to the right to institute and maintain this suit for herself and the designated class," but concluded as the finder of fact that no violation of the Civil Rights Act had been proven by either Bolton or the class.
 
 
 2
 On appeal, a panel of this court affirmed the judgment as to Bolton, but reversed as to the class. Bolton v. Murray Envelope Corp., 493 F.2d 191 (5th Cir. 1974). The panel found substantial evidence to support the trial court's conclusion that Bolton had been discharged due to substandard performance rather than race. Id. at 193-94. As to the class, however, the panel concluded that the uncontroverted facts presented at trial conclusively established racial discrimination. Among those facts were the following: blacks were terminated at a rate twice that of white employees; 34% of black workers, but only 6% of whites, held janitorial positions; and whites clearly dominated the better paying jobs. Id. at 194-96. Since these disparities were not justified by business necessity, see Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); Rowe v. General Motors Corp., 457 F.2d 348 (5th Cir. 1972), the court held that the district court "should have held for the class as to Title VII violations and should, accordingly, have formulated an appropriate remedial decree." 493 F.2d at 196. The case was remanded for that purpose.
 
 
 3
 On remand, the district judge apparently ignored the panel's opinion and its directions for further proceedings. Plaintiffs' counsel, understandably believing that he had won his case, submitted a proposed order and petitioned the court for attorney's fees. Counsel's effort was to no avail, however, as the district judge promptly denied all relief. He held, first, that no legitimate class existed since the members had not been properly notified, and, second, that no attorney's fees were due in any event because counsel had devoted his entire effort to the claim of the individual plaintiff. These determinations are on appeal before us now. We find them to be both improper and erroneous and remand the case once again.
 
 
 4
 Class Action. The district court on remand based its holding that no legitimate class existed on two premises: one, that a class had never been certified; and, two, that notice was required to the class members. Both postulates are patently false.
 
 
 5
 First, not only did the trial court specifically hold in its initial opinion that a class had been properly established as a party, but the appellate court specifically defined the class, id. at 193, discussed the class throughout its opinion, and spoke of the class in its mandate. Nothing could be clearer than that the class was properly in the case. More importantly, the defendant at no point questioned the propriety of the class either in the trial court or on the first appeal. The finding of an appropriate class by the district and appellate courts was thus the law of the case. That law could not be attacked by the parties or changed by the district court on remand. See generally C & C Products, Inc. v. Fidelity & Deposit Co., 512 F.2d 1375 (5th Cir. 1975); 1B J. Moore, Federal Practice PP 0.405(1) & 0.416(5) (2d ed. 1974).
 
 
 6
 Second, the class was properly certified. See Bing v. Roadway Express, Inc., 485 F.2d 441, 446-47 (5th Cir. 1973). See also Senter v. General Motors Corp., 532 F.2d 511, 520-22 (6th Cir. 1976). The district court on remand relied on the intervening case of Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), for the proposition that under Federal Rule of Civil Procedure 23, individualized notice is required for all members of the class prior to certification. But Eisen concerned a Rule 23(b)(3) class, and specifically distinguished Rule 23(b)(2) classes such as those involved in this appeal. Id. at 177 n. 14, 94 S.Ct. at 2152 n. 14. As to the latter, this court has recently held that "Rule 23 does not require notice for (b)(2) type actions." Robinson v. Union Carbide Corp., 544 F.2d 1258, 1260 (5th Cir. 1977). Thus, utilization of Eisen, even if it had been timely, was inappropriate.
 
 
 7
 Attorney's Fees. Section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k) (1970), allows a court in its discretion to award a reasonable attorney's fee to the prevailing party in a suit brought under the Act. Due to the vital importance of our civil rights laws and the corresponding necessity of private enforcement, we have repeatedly held that the section is to be construed liberally.[1] Moreover, we have awarded fees to a plaintiff who, although losing his individual action, successfully sued for a class of which he was a member.[2]
 
 
 8
 After consideration, we are convinced that attorneys fees and costs are appropriate and should be awarded in this action. Upon first application, the district court found that plaintiffs' attorney had spent all of his time working for the named plaintiff and had never assisted the class. This finding is clearly erroneous. The prior panel of this court recited ample evidence from the trial record to demonstrate that counsel had assisted the class. Moreover, counsel's affidavit of time expended, submitted in support of his fee application on remand, is consistent with the panel's observations.
 
 
 9
 We take this opportunity to remind the district court that the purpose of section 706(k) is "to insure that attorneys will undertake representation in this type of case."[3] This court has spoken comprehensively on what factors are to be considered in awarding attorneys fees,[4] and it is the duty of the district court to elucidate its findings with respect to those standards so that meaningful review may be given.[5]
 
 
 10
 Back Pay. In its complaint the class prayed for back pay for "those members of plaintiff class shown to be entitled thereto under the terms of the Act." Record at 5. This court has definitively held that an award of back pay is not inconsistent with the maintenance of a Rule 23(b)(2) class action. Pettway v. American Cast Iron Pipe Co., 494 F.2d 211, 256-58 (5th Cir. 1974). Accord, Robinson v. Lorillard Corp., 444 F.2d 791 (4th Cir.), cert. dismissed, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971). In fact, it is the responsibility of aggrieved class members to raise their claims before the court in such an action or be forever barred. Sagers v. Yellow Freight System, Inc., 529 F.2d 721, 736 (5th Cir. 1976); United States v. United States Steel Corp., 520 F.2d 1043, 1057 (5th Cir. 1975).
 
 
 11
 The achievement of back pay for members of the class is a two-step process. In the first stage, the class must demonstrate employment discrimination as a general matter. Id. at 1053. This has been conclusively established in this case. Bolton, 493 F.2d at 194-96. This step being satisfied, stage two begins with the presentation of individual back pay claims. United States Steel, 520 F.2d at 1054. The district court is to review such claims in light of the principle that the injured worker must be restored to the economic position in which he would have been but for the discrimination. Pettway, 494 F.2d at 252. To this end, all doubts are to be resolved in favor of the employee. Johnson v. Goodyear Tire & Rubber Co.,491 F.2d 1364, 1380 (5th Cir. 1974).[6]
 
 
 12
 We conclude that this case must once again be remanded to the district court for the formulation of an appropriate remedial decree. In particular, we direct the following:
 
 
 13
 The district court shall, within sixty (60) days of receipt of this opinion, (a) formulate an appropriate injunctive decree forbidding future discriminatory practices by the defendant and insuring that they do not recur; and (b) entertain a motion for attorney's fees by the successful class for the time and effort expended by its counsel on initial proceedings in the district court, the first appeal, the proceedings on remand following that appeal, and on this second remand.[7] As to the fee, appropriate findings should be made on the record and a reasonable sum awarded.
 
 
 14
 A certified transcript of the proceedings before the district court on this second remand shall be submitted to this court within ten (10) days of the entry of the injunctive decree and the order awarding attorney's fees. Thereafter, the parties will be given thirty (30) days to file such supplemental briefs in this court as they may deem appropriate. Jurisdiction of this appeal is retained for the purpose of reviewing that decree and award.
 
 
 15
 As for any back pay individual members of the class may be entitled to receive, that issue is remanded to the district court for proceedings not inconsistent with this opinion. We do not retain jurisdiction over this part of the appeal. Thus, any appeal which a party may wish to take from the district court's disposition of the back pay issue, including any claim for attorney's fees which may be made in connection with the prosecution of back pay claims, shall be taken in accordance with appropriate rules of appellate procedure.
 
 
 16
 REVERSED AND REMANDED WITH DIRECTIONS.
 
 
 
 *
 Senior District Judge of the Southern District of New York sitting by designation
 
 
 [1]
 Sagers v. Yellow Freight System, Inc., 529 F.2d 721 (5th Cir. 1976); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); Rowe v. General Motors Corp., 457 F.2d 348 (5th Cir. 1972); Clark v. America Marine Corp., 437 F.2d 959 (5th Cir. 1971), aff'g on basis of district court opinion 320 F.Supp. 709 (E.D.La.1970). Although we have relied in our reasoning on the Supreme Court's opinion in Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (Title II case), we have not explicitly adopted in section 706(k) cases the Piggie Park standard that a successful plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Id. at 402, 88 S.Ct. at 966. Other circuits have done so, however. See, e. g., Chastang v. Flynn & Emrich Co., 541 F.2d 1040 (4th Cir. 1976); Carrion v. Yeshiva Univ., 535 F.2d 722 (2d Cir. 1976); Robinson v. Lorillard Corp., 444 F.2d 791 (4th Cir.), cert. dismissed, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971). See also Northcross v. Memphis Bd. of Educ., 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973) (Emergency School Aid Act)
 
 
 [2]
 See Watkins v. Scott Paper Co., 530 F.2d 1159, 1198 n. 53 (5th Cir.), cert. denied, 429 U.S. 861, 97 S.Ct. 163, 50 L.Ed.2d 139 (1976); Baxter v. Savannah Sugar Refining Corp., 495 F.2d 437 (5th Cir.), cert. denied, 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974). Accord, Reed v. Arlington Hotel Co., 476 F.2d 721 (8th Cir.) cert. denied, 414 U.S. 854, 94 S.Ct. 153, 38 L.Ed.2d 103 (1973); Parham v. Southwestern Bell Tel. Co., 433 F.2d 421 (8th Cir. 1970). Although the section makes no distinction between plaintiffs and defendants as to the prevailing party, at least two circuits have held that, since a defendant furthers no congressional policies, a district court should only utilize its discretion to award costs to defendants when the suit is vexatious or frivolous. Carrion v. Yeshiva Univ., 535 F.2d 722 (2d Cir. 1976); United States Steel Corp. v. United States, 519 F.2d 359 (3d Cir. 1975). See also Van Hoomissen v. Xerox Corp., 503 F.2d 1131 (9th Cir. 1974). In view of these cases we hold that it would be inappropriate for the district court to award any fees to the defendant in this case, either explicitly or as an offset to those fees awarded the attorney of the class
 
 
 [3]
 Baxter v. Savannah Sugar Refining Corp., 495 F.2d 437, 447 (5th Cir.), cert. denied, 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974) (rate of $22.50 per hour questioned). See also Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); Peltier v. City of Fargo, 533 F.2d 374 (8th Cir. 1976) (fee award increased on appeal)
 
 
 [4]
 See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See also Evans v. Sheraton Park Hotel, 164 U.S.App.D.C. 86, 503 F.2d 177 (1974) (adopts Georgia Highway Express standards)
 
 
 [5]
 Waters v. Wisconsin Steel Works, 502 F.2d 1309 (7th Cir. 1974), cert. denied, 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976); Evans, 503 F.2d at 188; Georgia Highway Express, 488 F.2d at 720
 
 
 [6]
 Several of our previous cases have laid out guidelines as to what factors should be considered in awarding back pay. See United States Steel, 520 F.2d at 1055-56; Baxter v. Savannah Sugar Refining Corp., 495 F.2d 437, 444-45 (5th Cir.), cert. denied, 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974) (very analogous situation); Pettway, 494 F.2d at 258-63; Goodyear, 491 F.2d at 1379-80
 We also note that this court has held that the Piggie Park standard is appropriate for back pay awards; that is, an award should be made unless special circumstances would make the award unjust. Pettway, 494 F.2d at 252-53. The awards are to make the injured employees whole, and thus neither the good faith nor the probable future conduct of the employer are sufficient special circumstances to justify the denial of relief. Id. at 253-56. See also Baxter, 495 F.2d at 442-43; Goodyear, 491 F.2d at 1375-77.
 
 
 [7]
 Appellant's claim for attorney's fees in connection with the present appeal will be awarded by this court when the appeal has been concluded