**Mack SCOTT, et al.,**
**Plaintiffs-Appellants,**

v.

**CITY OF ANNISTON, ALABAMA, et al., Defendants-Appellees.**

No. 81–7492.

United States Court of Appeals, Eleventh Circuit.

Aug. 12, 1982.

George C. Longshore, Birmingham, Ala., for plaintiffs-appellants.

John R. Phillips, Anniston, Ala., for Anniston Civ. Service Bd., Miller and Sawyer.

Emerson & Galbraith, Richard B. Emerson, Anniston, Ala., Cabaniss, Johnston, Gardner, Dumas & O'Neal, William F. Gardner, Birmingham, Ala., for City of Anniston, Hodges, Daugherty, Simmons, Rodgers and Stedham.

Before GODBOLD, Chief Judge, MERRITT * and HENDERSON, Circuit Judges.

MERRITT, Circuit Judge:

This is the second appeal in this class action employment discrimination case. This appeal presents the question whether it was proper for the District Court to deny class certification on remand after the former Fifth Circuit reversed the District Court's judgment against the class on the issue of liability. We conclude that the District Court should not have decertified the class; therefore, we reverse and remand for consideration of the claims of the members of the class for back pay.

I.

The named plaintiffs brought this Title VII class action in 1975 claiming racial discrimination by the Public Works Department of the City of Anniston in failing to promote qualified black employees. The District Court bifurcated the issues of liability and damages and decided the issue of liability only. In the original suit the District Court found that the City Civil Service Board used written examinations for the purpose of evaluating employees for promotion and that the use of the exams had a racially disproportionate impact on black employees. But the District Court held that in order to establish a case of employment discrimination against a state or local government there must be proof of discriminatory intent, a burden the plaintiffs had failed to satisfy. The District Court also held that two of the named plaintiffs, Mack Scott and Earnest Hall, failed to prove their individual claims of racial discrimination.

The former Fifth Circuit reversed in part and affirmed in part. The court concluded that the District Court had applied an improper legal standard requiring the plaintiffs to prove intentional discrimination and held "that proof of intentional discrimination is not essential to recovery in a Title VII action even when the employer is a

governmental agency." *Scott v. City of Anniston*, 597 F.2d 897, 898 (5th Cir. 1979), *cert. denied*, 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980). As to the class claim the court reversed, finding "that a prima facie case of discrimination was proved, and that the defendants had failed to refute it." *Id.* The Fifth Circuit affirmed, however, with respect to the individual claims of Mack Scott. *Id.* at 902–03. The case was remanded to the District Court for further proceedings consistent with the opinion.

On remand the defendants moved for a redetermination and decertification of the class. When the case was originally in the District Court the plaintiffs had proposed the following stipulation, accepted by the defendants:

> For purposes of this action the class for litigation is defined as all past, present and future Black employees of the Public Works Department of the City of Anniston, Alabama, who have been employed since December 6, 1972.

> The Court finds that this class action meets the requirements of Rule 23(a) and (b) and that the named plaintiffs have standing to raise the issues for purposes of injunctive relief and backpay (but not as to future employees) to which they are or may be entitled.

The District Court had adopted this stipulation as a definition of the class. No evidentiary hearing was conducted to determine whether class action treatment was appropriate. Beyond adopting this stipulation and incorporating it within its findings of fact the District Court did not specifically designate the class as a Rule 23(b)(2) action for injunctive relief or a Rule 23(b)(3) action for damages. The suit was simply treated as an action for injunctive and other appropriate relief.

On remand the District Court noted that "the initial certification of the class was not given careful attention." *Scott v. City of Anniston*, 90 F.R.D. 267 (N.D.Ala.1981). In light of the Supreme Court in *East Texas*

---
* Honorable Gilbert S. Merritt, U. S. Circuit Judge for the Sixth Circuit, sitting by designa- tion.

*Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), which admonished courts to pay "careful attention" to the question of whether a proposed class satisfies the requirements of Rule 23, the District Court concluded that it had the responsibility to determine retrospectively whether class treatment properly had been allowed.

The District Court ordered that an evidentiary hearing be held to consider the question of class treatment. Class members were notified that they were entitled to appear at the hearing and present any objections. One class member individually filed a notice with the court that he objected to the motion to reevaluate class status and a petition was filed which objected to decertification and requested "that our damages be determined as soon as possible." 90 F.R.D. at 276.

At the hearing the District Court received evidence to resolve several related questions: Whether any of the named plaintiffs were appropriate class representatives or alternatively whether anyone else could be substituted as the class representative or whether there could be class treatment without a representative; whether there was a class within Rule 23(b); and whether there was a live controversy. After the hearing the District Court made findings of fact on each of these issues, resolving each disputed issue against the continuance of the class.

The District Court found that none of the named plaintiffs was an appropriate class representative for a variety of reasons, including the fact that none of the three named plaintiffs are now eligible for promotion because none is now employed by the city and none questions in this case the termination of employment. Mack Scott was not an appropriate representative, the court found, because he voluntarily left his employment with the defendant for another job more than one year before the filing of this action. The court reasoned that an individual who attached more importance to his employment with another employer than to his job with the defendant was

likely to inadequately represent the interests of a class composed of employees of the defendant.

Second, the District Court found that Earnest Hall, who never had applied for promotion while an employee of the defendant, did not satisfy the requirements of typicality and commonality with the class claim of discrimination in promotions. Mr. Hall's testimony indicated that his claims were highly individualized. Moreover, the court found that he lacked understanding as to the nature of the case and was not a credible witness.

Third, the District Court found that Edward Spears was not a proper representative of the class because he did not have sufficient interest in his employment or the lawsuit to prosecute vigorously the interests of the class. The court considered the fact that Spears did not testify at the trial an indication that he lacked an active interest in the lawsuit. The court concluded that the limited evidence as to Spears' individual claims suggested that at best he had no more than a "limited and speculative claim" of employment discrimination. 90 F.R.D. at 283.

Therefore, the District Court held that none of the named plaintiffs were proper representatives. The court also held that no one else could be treated as a class representative because there was no request by anyone to intervene and no one else came forward to be substituted as a class representative.

Moreover, the court provided two additional reasons the class should be decertified. The stipulation adopted by the court did not specify whether the class satisfied the requirements of subdivision (b)(2) or (b)(3) of Rule 23. Rule 23(b)(2) cases are those in which the primary relief sought is injunctive or declaratory whereas in Rule 23(b)(3) suits the primary relief is monetary. The court found that "there is no sustainable theory on which injunctive or declaratory relief could be sought" because the use of written promotional examinations had been discontinued since at least 1975. 90 F.R.D. at 285. Therefore, the

court reasoned that since the sole claim was for back pay the suit could not be maintained under Rule 23(b)(2) and could not be certified under (b)(1) or (b)(3) because there was no allegation, argument or evidence for treatment under these subsections.

Finally, the court held that because there was no class representative and no basis for injunctive relief the class must be dismissed for lack of a continuing controversy. The issue on appeal is whether the District Court erred in its decision to decertify the class after the case had been tried, appealed and reversed and remanded by the former Fifth Circuit.

## II.

The District Court gave three reasons for its decision to dismiss the class action: (1) there was no proper class representative; (2) the class was not properly certified under any subsection of Rule 23(b); and (3) there was no continuing controversy. We examine each of these points in order.

## A.

[1, 2] Assuming that the District Court is correct in its findings that none of the named plaintiffs is now an adequate class representative, this finding does not necessarily destroy the class action after certification and trial on the question of liability to the class. In *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977) the Supreme Court said that class claims need not be "mooted or destroyed" if the class is certified *before* it is discovered that the named plaintiffs are inappropriate class representatives. In *Rodriguez* the plaintiffs, city drivers, brought suit on behalf of blacks and Mexican-Americans alleging they had been denied transfers to more desirable line driver positions because of racial discrimination. The plaintiffs never moved for class certification, no class was certified and the class claims were not tried. The District Court dismissed the class claims and found against the individual plaintiffs on the grounds that they were unqualified for the job to which they

sought to be transferred. The Fifth Circuit reversed, certified a class and found class wide liability. The Supreme Court reversed the Court of Appeals noting that the District Court found that the plaintiffs lacked the qualifications to be hired as line drivers and, "[t]hus, they could have suffered no injury as a result of the alleged discriminatory practices, and they were, therefore, simply not eligible to represent a class of persons who did allegedly suffer injury." 431 U.S. at 403–04, 97 S.Ct. at 1896–1897. The Supreme Court held that the Court of Appeals erred by certifying a class when "it was evident by the time the case reached that court that the named plaintiffs were not proper class representatives under Fed. Rule Civ.Proc. 23(a)." *Id.* at 403, 97 S.Ct. at 1896.

In a footnote in *Rodriguez* the Supreme Court noted that the result would be different if the class had been certified *before* the plaintiffs' claims had been found to be unmeritorious.

> Obviously, a different case would be presented if the District Court had certified a class and only later had it appeared that the named plaintiffs were not class members or were otherwise inappropriate class representatives. In such a case, the class claims would have already been tried, and, provided the initial certification was proper and decertification not appropriate, the claims of the class members would not need to be mooted or destroyed because subsequent events or the proof at trial had undermined the named plaintiffs' individual claims. *See, e.g., Franks v. Bowman Transportation Co.*, 424 U.S. 747, at 752–757, 96 S.Ct. 1251, 1258–1261, 47 L.Ed.2d 444; *Moss v. Lane Co.*, 471 F.2d 853, 855–856 (CA4).

*Id.* 431 U.S. at 406, 97 S.Ct. at 1898. In light of this footnote we find that the decision of the District Court to decertify the class on the grounds of inadequate representation was error.

This case fits the footnote in *Rodriguez.* The claims common to the class were fully presented at trial and on appeal. The District Court certified the class when it adopt-

ed the stipulation of class treatment. The representation of the class was complete for all practical purposes. There is no indication that the representation was deficient or less than vigorous. To decertify at this late date actually has the effect of denying the class adequate representation rather than insuring it.

> The Fourth Circuit recently noted that [t]he determination of inadequacy [of class representation] . . . may have been concerned only with a technical lack of identity of interest and injury between representative and class, *e.g., Hill v. Western Electric Co.*, 596 F.2d at 101–02, or only with the actual ineffectiveness of a technically qualified representative, *e.g., Nance v. Union Carbide Corp.*, 540 F.2d 718 (4th Cir. 1976), *vacated and remanded on other grounds*, 431 U.S. 952, 97 S.Ct. 2671, 53 L.Ed.2d 268 (1977), or with both, *e.g., East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. at 405, 97 S.Ct. at 1898. To the extent inadequacy is based solely upon lack of sufficient identity of interest, any presumed adverse effect on the merits stemming from this may in fact be utterly belied by the outcome. . . .

*Hill v. Western Electric Co.*, 672 F.2d 381, 389 (4th Cir. 1982). In the instant case the inadequacy of representation which the District Court perceived is based upon a retrospective examination of the likelihood that the named plaintiffs will provide vigorous and faithful representation of the class. For example, the court found that Mack Scott had not worked for the defendant for more than a year before the suit was brought and that he had given preference to a job with another employer over his job with the city. Had this reason for denying class representative status been given prospectively it might have been valid, but the "presumed adverse effect on the merits . . . [is] utterly belied by the outcome." *Id.* The District Court did not find and on this record could not have found that the plaintiffs actually provided inadequate representation. In fact it is clear that the common class questions relating to liability have been fully litigated and resolved in favor of the plaintiff class. It was improper for the District Court to decertify the class on the grounds that the named plaintiffs, who lost because non-common individual claims were resolved against them, were inadequate representatives after the class has prevailed on the issue of liability.

■ Furthermore, we note that Rule 23(c)(1) which authorizes a court to "alter or amend" a class determination "before the decision on the merits" does not appear to permit a court, absent unusual circumstances, to amend the class *after* a decision on the merits. In this case the common class claims related to liability were resolved by the former Fifth Circuit in favor of the class. The Fifth Circuit rejected the requirement imposed by the District Court that the plaintiff class prove intentional discrimination by the city. Instead the court held that the "disparate impact" standard of *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971) was applicable against public as well as private employers. The court then reviewed the evidence and concluded that "the evidence supports the trial court's finding that the defendant's tests and practices were discriminatory in their impact;" therefore, the city bore the "burden to demonstrate the job performance validity of its practices." 597 F.2d at 901. The evidence showed that the firm which supplied the tests had told the city that all of its tests were validated. As the Fifth Circuit noted, this evidence "established the city's subjective good faith, not the fact of test validity." *Id.* at 902. Moreover, there was evidence that the tests lacked validity. The City also presented evidence of its affirmative efforts to recruit and encourage black employees. However, the Fifth Circuit found no evidence "that the disparate racial impact of the written tests was effectively counterbalanced by the city's attempts to recruit blacks, by its relatively few on the job tests and by its ultimate abandonment of tests." *Id.* In short, the appellate court held that the plaintiffs made a prima facie case of disparate impact, that the defendants failed to refute the plaintiff's case by proving that

the tests were valid and that the defendants' good faith but ineffective efforts to mitigate the adverse racial impact did not constitute a sufficient defense. The case was remanded for further proceedings without specific instructions. We think that a fair reading of the Fifth Circuit's opinion reversing the District Court constituted a decision on the merits of the common class claims related to liability. As we read the decision of the Fifth Circuit, the case was remanded for the purpose of further proceedings on the issue of individual damages, not for reexamination of the issue of liability to the class. Therefore, the merits of the class action was decided and the District Court should not have entered an order to "alter or amend" the class.

### B.

█ The stipulation of class treatment adopted by the District Court did not specify whether the class was regarded as an action for injunctive relief under Rule 23(b)(2) or for monetary damages under subsection (b)(3). The class claim consisted of an attack on the use of written promotional examinations. The District Court has found that after the lawsuit was filed the defendants stopped using the challenged examinations. It concluded that the case continues solely as a suit for damages, not for injunctive relief, and had to be dismissed because there was no evidence that 23(b)(3) treatment was appropriate.

At the time the suit was brought the conduct of the defendant, i.e., use of invalid promotional examinations, in the language of Rule 23(b)(2), was actionable "on grounds generally applicable to the class" and the injunctive relief sought was "relief with respect to the class as a whole." The class shared the common characteristic of being subjected to the same discriminatory practice and, therefore, presumably had the cohesiveness typical of 23(b)(2) actions. The class was thus well suited for Rule 23(b)(2) treatment. The fact that damages in the form of back pay was also sought "is not inconsistent with the maintenance of a Rule 23(b)(2) class action," and the class members must "raise their claims before the court in such an action or be forever barred." *Bolton v. Murray Envelope Corp.*, 553 F.2d 881, 885 (5th Cir. 1977). Moreover, a class action properly brought under Rule 23(b)(2) need not be reclassified under (b)(3) merely because a change in the defendant's conduct made injunctive relief inappropriate. *Arkansas Education Association v. Board of Education*, 446 F.2d 763 (8th Cir. 1971). We agree with the reasoning of the Third Circuit which held in a similar context that a suit brought as a (b)(2) action need not be reclassified as a (b)(3) class if the "cohesive characteristics of the class [which] are the vital core of a (b)(2) action . . . are still intact in the suit." *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 251 (3rd Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

### C.

Finally, the District Court decertified the class on the grounds that there was no continuing controversy between the class and the defendant. The court relied upon its conclusion, discussed above, that there was no appropriate class representative and the fact that no one moved to intervene or be substituted for one of the named plaintiffs. We have concluded this was error. Second, the court reasoned that because injunctive relief was unnecessary there was no continuing controversy. The fact that injunctive relief is no longer necessary because the city no longer uses the tests in question does not demonstrate the absence of a continuing controversy. As discussed above the suit may continue as a Rule 23(b)(2) action although the primary relief now sought is back pay. See the *Bolton* and *Wetzel* cases, *supra*.

### III.

Accordingly, we hold that the District Court erred when it decertified the class after all common issues of liability to the class were litigated at trial and on appeal. Our decision to reverse and remand for further proceedings does not foreclose consideration of unlitigated non-common issues

such as causation in the presentation of individual claims for back pay.

The action is therefore remanded to the District Court for consideration of the claims of the members of the class for back pay.

REVERSED and REMANDED.