**William R. WHITE, Madeleine Hyman, Juan Rosario, Martha Bess, Ramon Valle, and Constance Miraglia, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Carolyn CLEE, Sharon Grant, sole heirs of Harold Johnson, deceased, Plaintiffs,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**George ORTEGA, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Nos. 85 Civ. 1493 (RLC), 85 Civ. 5931 (RLC), and 85 Civ. 8244 (RLC).**

United States District Court, S.D. New York.

Jan. 14, 1987.

---

Westchester Legal Services, Inc., White Plains, N.Y. Joy Blumkin, of counsel, The Legal Aid Society, Bronx Neighborhood Office, Bronx, N.Y., Marshall Green, Stephen Loffredo, of counsel, The Legal Aid Society, Civil Appeals & Law Reform Unit, New York City, John E. Kirklin, Nancy Morawetz, of counsel, The Legal Aid Society, Staten Island Neighborhood Office, Staten Island, N.Y., Joan Mangones, Mary Megan McLemore, of counsel, for plaintiffs.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., New York City, for U.S.; Donna H. Lieberman, Sp. Asst. U.S. Atty., Annette H. Blum, Chief Counsel—Region II, David Engel, Asst. Regional Counsel, of counsel.

ROBERT L. CARTER, District Judge.

This case is back before the court for a third time. Plaintiffs now move to redefine the class certified on October 24, 1985, *see White v. Heckler*, 108 F.R.D. 85 (S.D.N.Y.1985) (Carter, J.), or, in the alternative, to modify the judgment entered on May 23, 1986. *See White v. Bowen*, 636 F.Supp. 1235 (S.D.N.Y.1986) (Carter, J.). Familiarity with the opinions previously issued in this action is assumed.

1. Specifically, the class asserts that the Secretary's policy violates:
    20 C.F.R. §§ 404.408 and 415.1123(d); the Social Security Act, 42 U.S.C. §§ 407 and 1320a–6; the Administrative Procedure Act

## BACKGROUND

Plaintiffs originally filed this action on February 25, 1985. They alleged that the policy of defendant, the Secretary of the Department of Health and Human Services ("the Secretary"), to postpone the calculation and payment of Old Age, Survivors and Disability Insurance ("OASDI") benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401 *et seq.*, until calculation and payment of Supplemental Security Income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, violates various federal statutes and regulations, as well as the United States Constitution.[1] Pursuant to this policy the Secretary reimburses state welfare agencies, which provide interim assistance to beneficiaries awaiting federal disability checks, by subtracting a beneficiary's SSI entitlement from his OASDI payment and sending the subtracted amount to the state agency. *See White v. Bowen, supra*, 636 F.Supp. at 1237. Plaintiffs sought to enjoin the policy.

In certifying this case as a class action, the court defined the class as including:

"all persons residing in New York State who concurrently applied for, or were concurrently determined eligible for, disability benefits under Titles II and XVI of the Social Security Act and whose retroactive Title II benefits were or will be reduced by defendant because defendant has paid or will pay to a local social services agency an amount alleged to be the benefit recipient's retroactive SSI benefits."

*White v. Heckler, supra*, 108 F.R.D. at 86 (quoting First Amended Complaint, ¶ 10); *see also* Second Amended Complaint, ¶ 13. This was the class definition proposed by plaintiffs.

On June 10, 1986, a little over two weeks after the court upheld the challenged policy and granted judgment to defendant, plain-

("APA"), 5 U.S.C. § 551 et seq.; the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; the Federal Register Act, 44 U.S.C. § 1501 et seq.; and the due process clause of the Fifth Amendment to the United States Constitution.

tiffs filed this motion in order to "avoid subsequent issues of *res judicata.*" Memorandum of Law in Support of Plaintiffs' Motion to Clarify the Class Definition at 4. Plaintiffs now seek to restrict the class to those "who were subject to defendant's policy and practice of *intentionally delaying* payment of retroactive Title II benefits until after computation and payment of retroactive Title XVI benefits...." Notice of Motion at 2 (emphasis added).[2]

Plaintiffs base the suggested class definition on "new evidence" that apparently came to class counsel's attention on June 4, 1986. The evidence consists of testimony offered by an SSA official at a May 1, 1986 hearing before an Administrative Law Judge of the Secretary's Office of Hearings and Appeals that the sequence in which SSI and OASDI benefits are calculated is left to "sheer chance." Loffredo Declaration, ¶ 2. In addition, plaintiffs argue that footnote 3 of the court's May 23, 1986 opinion effectuated a *sub silentio* amendment of the class, restricting the court's holding to those whose OASDI benefits were intentionally delayed.[3] Morawetz letter of July 9, 1986.

In response, the Secretary argues that Rule 23(c)(1), F.R.Civ.P., does not permit a class to be altered or amended after a decision on the merits. Even if it does, the Secretary contends that the "new evidence" plaintiffs rely on is not new. The Secretary points out that the SSA official's testimony was offered three weeks before the court rendered its decision on the merits, and that the papers the Secretary filed in support of his original motion for judgment on the pleadings included the Secretary's stated position that the law "leaves it to the Secretary to determine when the offset should be applied against SSI benefits. The Secretary can exercise that discretion on an *ad hoc* basis, or through legislative rulemaking." Memorandum in Support of Motion for Judgment on the Pleadings, at 23. Moreover, it is the Secretary's position that the evidence, whether it is new or not, provides no predicate for modifying the class. He argues that if, under the court's May 23, 1986 opinion, he can calculate SSI benefits first in all cases, then surely he can calculate those benefits first in some cases.

DISCUSSION

The text of Rule 23(c)(1), F.R.Civ.P., clearly does not invite amendments to class certification orders after judgment.[4] The rule provides:

> As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended *before the decision on the merits.*

*Id.* (emphasis added). As Justice (then Judge) Stevens wrote, "the explicit permission to alter or amend a certification order before decision on the merits plainly implies disapproval of such alteration or amendment thereafter." *Jimenez v. Weinberger,* 523 F.2d 689, 697 (7th Cir.1975), *cert. denied,* 427 U.S. 912, 96 S.Ct. 3200, 49

---

**2.** The full text of the proposed amended definition is:

All persons residing in New York State who (1) concurrently applied for, or were concurrently determined eligible for, disability benefits under Title II and XVI of the Social Security Act; (2) who were subject to defendant's policy and practice of intentionally delaying payment of retroactive Title II benefits until after computation and payment of retroactive Title XVI benefits; and (3) whose retroactive Title II benefits were reduced by defendant because defendant has paid to a local social services agency an amount alleged to be the recipient's retroactive Title XVI benefit.

Notice of Motion at 1, 2.

**3.** See the full text of footnote 3 as quoted in note 9 *infra.*

**4.** Plaintiffs also move under Rule 59(e), F.R. Civ.P., to modify the judgment. That rule provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of a judgment." *Id.* The court's decision was filed on May 28, 1986. Plaintiffs filed this motion on June 9, 1986. It is therefore untimely, and not properly before the court. In any case, the court can see no reason why its decision would be any different under Rule 59(e) than under Rule 23(c)(1).

L.Ed.2d 1204 (1976). To allow plaintiffs freely to exclude themselves from a class following an unfavorable decision would seriously undermine the class action device. *Id.* Indeed, such post-judgment amendments would risk violating the United States Supreme Court's command that a decision as the viability or the composition of a class is to be kept separate from the decision on the merits. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974); *see Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 572 (2d Cir.), *cert. denied,* 459 U.S. 838, 103 S.Ct. 86, 74 L.Ed.2d 80 (1982).[5]

Nonetheless, we do not agree with the Secretary that Rule 23(c)(1) absolutely proscribes post-judgment amendments. In fact, courts have allowed such amendments in "unusual circumstances," where an amendment will not prejudice the defendant. *Scott v. City of Anniston,* 682 F.2d 1353, 1357 (11th Cir.1982); *see also Kilgo v. Bowman Transportation, Inc.,* 789 F.2d 859, 877–78 & n. 28 (11th Cir.1986); Note, *Reopening the Debate: Postjudgment Certification in Rule 23(b)(3) Class Actions,* 66 Cornell L.Rev. 1218, 1246 n. 140 (text of rule is "permissive and not prohibitive"); 7B Wright, Miller & Kane, *Federal Practice and Procedure* § 1785 at 136 & nn. 79–84 (citing cases).[6]

While the Second Circuit apparently has not explicitly addressed this issue, the court has not established an absolute rule against post-judgment amendments when it has had the opportunity to do so. *See, e.g., Sirota v. Solitron Devices, Inc., supra,* 673 F.2d at 572. Moreover, on the related issue of whether a court may enter an initial class certification order after judgment, courts in this circuit have left the decision to the discretion of the district judge. *See Sterling v. Environmental Control Board,* 793 F.2d 52, 58 (2d Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986) (it is within the discretion of the trial judge to deny class certification "three and a half years after commencement of lawsuit, after a full trial, and after two extensive rounds of hearings before a magistrate"); *Marquez v. Kiley,* 436 F.Supp. 100, 109 n. 9 (S.D.N.Y.1977) (Lasker, J.) (party may move for class certification "even after trial on the merits") (citing cases).[7]

Whether or not the Second Circuit would invalidate a departure from the general rule against post-judgment class certification amendments, the circumstances in this case do not warrant such a holding. Here, plaintiffs seek to amend the class definition on the basis of testimony that was given three weeks before the court's decision.[8] Moreover, the testimony they cite only confirmed the existence of a practice which the Secretary claimed the power to implement and all but acknowledged having imple-

---

**5.** In *Sirota* the court held that a post-trial stipulation as to a later closing date for a subclass could not be applied retroactively to the pre-trial decision to certify because to do so would constitute a decision on the merits. *Sirota v. Solitron Devices, Inc., supra,* 673 F.2d at 572.

**6.** In *Kilgo,* for example, the court noted that post-judgment amendments "should be viewed with caution," and allowed a post-judgment expansion of a class when the arguments and evidence presented before the district court would have been the same had the class initially been comprised of the amended membership. *Kilgo v. Bowman Transportation, Inc., supra,* 789 F.2d at 877–78.

**7.** *See also Gurule v. Wilson,* 635 F.2d 782, 788–90 (10th Cir.1980) (post-judgment certification proper under unusual circumstances); *Bishop v. Committee on Professional Ethics and Conduct,*

686 F.2d 1278, 1287 (8th Cir.1982) (same); *Alexander v. Aero Lodge No. 735,* 565 F.2d 1364, 1372 (6th Cir.1977) (same), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978). *See generally* 3B *Moore's Federal Practice* ¶ 23.02–2 at 101 n. 45 (2d ed. 1981) (citing cases); 7B Wright, Miller & Kane, *Federal Practice & Procedure,* § 1785 at 99–102 (2d ed. 1986) (same).

**8.** Plaintiffs note that the testimony was offered in a hearing concerning the claim of a Legal Aid Society client, and that plaintiffs' counsel "obtained a copy of the tape recording of this hearing" on June 4, 1986. Loffredo Declaration, ¶ 3. No mention is made whether the substance of the testimony was known to plaintiffs' counsel before June 4. It is therefore difficult to tell whether the information relayed at the hearing should have, or even did, come to the attention of plaintiffs' counsel before the court's May 23, 1986 opinion.

mented in the papers he filed in support of his motion to dismiss. Finally, the court finds no merit in plaintiffs' reading of footnote 3 of the court's May 23, 1986 decision: that footnote did not limit the holding to intentional, as opposed to arbitrary, delay in the payment of OASDI benefits.[9]

Most important to the court's decision today, however, is the court's belief that what plaintiffs seek is not a new class but the opportunity to present a new claim. Whatever viability such a claim may have, it may not be interposed on the basis of a newly defined class designation.

Accordingly, plaintiffs' motion is denied.

IT IS SO ORDERED.

See also 646 F.Supp. 1557.

---

**9.** The footnote provides in full:

Plaintiffs do not know if the Secretary has consistently followed this procedure to compute benefits since February 1, 1985, the effective date of the 1984 amendment. This lawsuit does not challenge any procedure but that mandated by POMS §§ GN2610.005 and GN2510.045. Therefore, since we hold that the challenged procedure is lawful, we cannot permit plaintiffs to proceed with discovery to determine whether there is a basis to challenge any newly implemented practice.

*White v. Bowen, supra,* 636 F.Supp. at 1239 n. 3. One can only guess that plaintiffs position is based on a reading of the word "mandated" which gives it a meaning far more pronounced than what was naturally intended. The regulations provide for the challenged procedure. They do not require that it be followed in every case.