See, also, 166 F.Supp.2d 310, and 166 F.Supp.2d 313.

**ERIE COUNTY RETIREES ASSOCIATION and Lyman H. Cohen, for himself and all others similarly situated, Plaintiffs,**

v.

**The COUNTY OF ERIE, PENNSYLVANIA and Erie County Employees' Retirement Board, Defendants.**

**No. CIV. A. 98–272 Erie.**

United States District Court,
W.D. Pennsylvania.

Aug. 23, 2001.

Daniel J. Pastore, Fairview, PA, for plaintiffs.

Richard A. Lanzillo, Mark J. Kuhar, Knox, McLaughlin, Gornall & Sennett, Erie, PA, for County of Erie.

John E. Cooper, Erie, PA, for Erie County Retirees Board.

**MEMORANDUM OPINION
AND ORDER**

McLAUGHLIN, District Judge.

Presently pending is Plaintiffs' Motion to Add Class Members [Doc. No. 65]. For the reasons set forth below, this motion will be denied.

Plaintiffs in this action are Medicare-eligible retirees of Erie County, Pennsylvania. They commenced this action under the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 621 *et seq.*, alleging discrimination on the basis that their County-provided health care coverage was inferior to the coverage offered to non-Medicare-eligible retirees and have prevailed on the issue of liability. *See Erie County Retirees Ass'n v. County of Erie*, 140 F.Supp.2d 466 (W.D.Pa. 2001). All of the original Plaintiffs were Medicare-eligible when the first motion seeking class certification was pending. This first motion was filed on September 25, 1998, and was granted by this Court on February 10, 1999. Plaintiffs' current Motion to Add Class Members was filed on April 24, 2001, more than two years after the initial certification.

Plaintiffs now assert that two sets of potential class members should be added. The first set consists of five individuals who were Medicare-eligible at the time the original class action motion was pending but allegedly failed to become class members because of others' mistakes. Plaintiffs' Memorandum in Support of Their Motion to Add Class Members at 1–2. Three of these individuals allegedly completed the necessary consents to join although these were misplaced at some stage and never ultimately filed. *Id.* at 2. Two others allegedly never received the initial notice advising them of the action and their opportunity to join by completing a consent. *Id.* The second set consists of retirees who have become Medicare-eligible since the initial establishment of the class. *Id.* Plaintiffs assert that they did not leave the door open for these retirees when they initially filed the class motion because they were moving for a preliminary injunction at that time and anticipated a prompt decision. Plaintiffs' Reply Memorandum in Support of Their Motion to Add Class Members at 5.

Between the original certification and the filing of Plaintiffs' current motion, the merits of this case were determined. On cross-motions for summary judgment, we held that the ADEA did not afford relief in the context of alleged discrepancies in health benefits offered by employers to retirees. *Erie County Retirees Ass'n v. County of Erie*, 91 F.Supp.2d 860, 880 (W.D.Pa.1999), *rev'd*, 220 F.3d 193 (3d Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1247, 149 L.Ed.2d 153 (2001).

The Third Circuit reversed, and remanded for further proceedings including, "giving the County the opportunity to establish its entitlement to a safe harbor under 29 U.S.C. § 623(f)(2)(B)(i)." *Erie County Retirees Ass'n v. County of Erie*, 220 F.3d 193, 217 (3d Cir.2000). On remand, we held that the County was not entitled to this safe harbor. *Erie County Retirees Ass'n v. County of Erie*, 140 F.Supp.2d 466 (W.D.Pa.2001). Judgment has not been entered because the issue of damages still remains. Liability, however, is clear, and the County has modified its plan offerings to retirees in light of the foregoing decisions.

Federal Rule of Civil Procedure 23(c)(1), which governs "opt-out" class actions, provides that an order certifying a class is conditional and may be altered or amended prior to a decision on the merits. Fed.R.Civ.P. 23(c)(1). Courts construing this provision have held that its explicit authorization of amendments prior to merit determinations plainly implies disapproval of amendments after merit determinations. *White v. Bowen*, 116 F.R.D. 12, 14 (S.D.N.Y.1987), *aff'd* 835 F.2d 974 (2d Cir.1987); *Vizcaino v. U.S. District Court*, 173 F.3d 713, 721, *as amended* 184 F.3d 1070 (9th Cir.1999), *cert. denied* 528 U.S. 1105, 120 S.Ct. 844, 145 L.Ed.2d 713 (2000).

This case, however, is not governed by Rule 23 because the ADEA incorporates the "opt-in" class action procedure of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, which provides in relevant part that an action may:

be maintained against any employer (including a public agency) ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Notwithstanding the fact that Rule 23 does not govern the class action at issue, we find that similar case management and fairness concerns apply in this case.

The Third Circuit has considered Rule 23 principles in the ADEA class action context before. In *Sperling v. Hoffmann–La Roche, Inc.*, 24 F.3d 463, 472 (3d Cir.1994), the Third Circuit held that the filing of a representative complaint in an ADEA case tolls the statute of limitations for plaintiffs who join the class after the limitations period on their individual actions has run. In reaching this holding, the Court noted that this principle is firmly settled in the Rule 23 context and found that in both contexts, a representative complaint filed within the limitations period puts defendants on notice that the claim is for class relief. *Id.* at 471. Most importantly for our purposes, the Court then noted that in the Rule 23 context, subsection (d) permits courts to prevent abusive tolling extensions through its case management power and extended this principle to ADEA actions:

> [i]f the district court, pursuant to its case management powers, promptly sets a reasonable cut-off date for closing the opt-in class, the scope of the suit is limited and made known to the defendant employer within a reasonable time after the claim seeking class relief is filed. Such a controlled tolling of ADEA's statute of limitations seems to us to accomplish fully the intent of Congress without inflicting any untoward inequity on an employer who knows before the statute runs that he is dealing with a representative class action.

*Id.* at 472. We find that a controlled approach to class modifications similarly is necessary to prevent unfairness to defendant employers in ADEA actions, and that the equities in this case favor the Defendant.

Plaintiffs' explanations for not adding both sets of proposed plaintiffs fail to account for their failure to take action before this case was decided on the merits. Permitting these individuals to be added as plaintiffs now, after the Defendant's liability is clear, strikes us as inherently unfair. The original complaint did put Defendant on notice that the action was representative, but did not indicate in any way that the class would continue to grow for the life of the litigation. That

Rule 23 expressly prohibits class amendments after decisions on the merits is additionally instructive. The concept that plaintiffs must join an action prior to a decision on the merits is basic, and we can discern no distinction between the Rule 23 opt-out procedure and the Rule 23 opt-in procedure that would counsel in favor of applying a different rule to ADEA cases.

Accordingly, on this ___ day of August, 2001, for the reasons set forth above,

IT IS HEREBY ORDERED THAT PLAINTIFFS' MOTION TO ADD CLASS MEMBERS [Doc. No. 65] is DENIED.